HULBERT v. HULBERT et al.    (No. 563/15.)

(Supreme Court, Appellate Division, Fourth Department.    January 6, 1915.)

1. JUDGMENT (§ 784*)—LIEN OF DIFFERENT JUDGMENTS—SUBSEQUENTLY ACQUIRED PROPERTY.

Though, under Laws 1840, c. 386, amending Laws 1801, c. 105, providing that the lien of a judgment arises upon the docketing and the filing of the judgment roll, where several judgments are entered and docketed at different dates, such judgments become a lien simultaneously upon property thereafter acquired by the judgment debtor by inheritance.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1353–1357; Dec. Dig. § 784.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. JUDGMENT (§ 784*)—SEVERAL JUDGMENTS—PRIORITY.

Where several judgments against the same defendant entered at different dates become a lien simultaneously on property thereafter acquired by the judgment debtor by inheritance, the judgment creditor who first caused execution to issue and to be levied on the interest of the judgment debtor in such after-acquired property was entitled to priority over the other judgment liens, and the levying creditor was entitled to participate in the place of the judgment debtor in the proceeds of a partition sale of the property made after his levy.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1353–1357; Dec. Dig. § 784.*]

Appeal from Special Term, Seneca County.

Action for partition by Talman F. Hulbert against Fred Hulbert and others, in which William F. Bacon entered his appearance as a defendant. From an order (86 Misc. Rep. 662, 149 N. Y. Supp. 568) for distribution of the proceeds of sale, Helen Story and others appeal. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

George E. Zartman, of Waterloo, for appellants.
William F. Bacon, of Waterloo, for respondent.

LAMBERT, J. This is a proceeding in a partition action for an order distributing a portion of the avails of the sale of the real property involved. On March 7, 1904, St. Paul's Church, of the village of Waterloo, N. Y., recovered a judgment against the defendant Fred Hulbert for $906.84. On April 21, 1904, Leonard Story recovered two judgments against said Hulbert, for the sums of $2,820.57 and $2,351.71, respectively. In 1910 Hulbert inherited, from his father, an undivided one-third interest in the real estate which is the subject of this action. No proceedings for the enforcement of either judgment were had until November 24, 1913, upon which date, with the permission of the court, execution was issued on the church judgment, and on February 6, 1914, the sheriff of Seneca county sold the undivided interest of Hulbert in this real estate to the respondent upon this appeal, William F. Bacon, for the sum of $1,437.10, and issued to him a sheriff's certificate of sale therefor, which he now owns. The bid of Bacon for the property is the principal of the church judgment plus the interest thereon.

Prior to the sale, but subsequent to the levy, this partition action was brought, to which action the sheriff and Leonard Story were made parties defendant. Leonard Story did not appear in the action, and, he having died February 22, 1914, his executors did not thereafter appear therein. William F. Bacon, the execution purchaser, voluntarily appeared in the action. The final judgment in the action directed the payment of the proceeds of the sale of the interest of Fred Hulbert into court, and the sum of $1,753.36 was paid to the treasurer of Seneca county. Thereafter Mr. Bacon obtained an order for the distribution of those proceeds, first to the payment of his claim, and

next to the payment of the Story judgments, so far as the remainder of such sum would pay same. The appeal is from that order, and is taken by the executors of the will of Leonard Story, deceased.

[1] The case presents no dispute upon the facts, and a single question of law is urged. It is conceded that the lien of these three judgments attached to the interest of the defendant Fred Hulbert simultaneously upon his receiving his title by inheritance from his father. Such is undoubtedly the rule of law to be applied. In re Hazard Estate, 73 Hun, 22, 25 N. Y. Supp. 928, affirmed 141 N. Y. 586, 36 N. E. 739.

[2] It is urged by appellants that, the lien of the three judgments having so attached at the same time, such judgments must necessarily remain of equal rank, and that no preference was or could be acquired by Bacon through the steps taken by him for the collection of his judgment. The examination of counsel and further investigation by me fails to disclose any authorities directly in point, except Adams v. Dyer, 8 Johns. 347, 5 Am. Dec. 344, and Waterman v. Haskin, 11 Johns. 228. The respondent Bacon presents those two cases as controlling upon this distribution, while the appellants urge that they are not authority under our present statute as to the lien of judgments. The Special Term followed those authorities in making the distribution. We are to determine whether the various statutory changes since the decision of those cases present reason for declining to follow them now.

Adams v. Dyer, supra, was decided in 1811, and Waterman v. Haskin in 1814. Prior to either of such decisions, there had been adopted the first statute in this state creating a judgment lien. That statute is chapter 105 of the Laws of 1801, and by it the lien of a judgment was declared to arise upon the docketing of the judgment and the filing of the judgment roll. That act did not specifically require the notation of the precise time of entry of the judgment. By chapter 386 of the Laws of 1840, the act of 1801 was amended to require the entry in the judgment records of the hour and minute of the perfecting of the judgment, and the provisions of that act are substantially our law now. By express statutory declaration, therefore, the lien of a judgment now arises from the instant the judgment is docketed, and judgments acquire priorities with reference to their time of docketing, except, as in this case, where the land to which they attach is acquired by the judgment debtor subsequent to the entry of two or more judgments.

In both Adams v. Dyer, supra, and Waterman v. Haskin, supra, a statute was in force declaring judgments a lien. In each of those cases it was held by the court that the judgments involved were coordinate and of equal rank, as were the liens thereof. In each of those cases the court declared a preference to exist in favor of the diligent creditor who sought to enforce his judgment by execution and levy. That preference was in neither case placed upon any statutory standing of the execution creditor. It was merely the application of the old common-law rule in favor of the creditor who diligently pursued his remedies.

So in this case we have involved judgment liens declared by statute and which are concededly equal and co-ordinate. Here, as in those cases, we have one creditor diligently pursuing his remedies by execution and levy. The reasoning applied in the two decisions above would appear to be applicable here. The premises here seems to be identical with the premises in those two cases, and there is no reason apparent why a different conclusion should be reached. In the various statutory amendments I see no indication of an intent upon the part of the Legislature to declare any policy of the state, which is opposed to that conclusion. The diligent creditor has long been regarded as a favorite of the law, and I see no reason why we should not follow those two decisions.

If the levy by the church had been followed by a sale to a stranger, and the sheriff had received the actual money for the sale, satisfied the church execution, and paid the money to the church, I do not apprehend the Story executors would expect to enforce contribution from the church because of the co-ordinate rank of the judgments. I see no different principle to be applied upon the facts of this case than would be applied upon those facts. Mr. Bacon purchased at regular execution sale the interest of the defendant Fred Hulbert. He acquired a sheriff's certificate of such sale, and in the view of equity became the owner of that interest. He became a party to the partition action. The entire title to the land having been sold in partition, it seems to me his certificate of sale entitled him to reach this money in satisfaction of the church judgment.

I recommend an affirmance of the order appealed from, with costs. Order affirmed, with $10 costs and disbursements. All concur.