HENRY B. CALDWELL, as Administrator De Bonis Non Cum Testamento Annexo of ANNIE . B. FRISBIE, Deceased, Appellant, *v.* JOHN NICOLSON, as Administrator De Bonis Non Cum Testamento Annexo of JOHN W. HUNT, Deceased, Respondent.

**Appeal — Appellate Division — new trial should be granted where findings of referee are reversed solely as against weight of evidence — where Appellate Division desires to direct final judgment it must make new findings supporting judgment so directed.**

The reversal by the Appellate Division of findings made by a referee or a judge solely on the ground that they are against the weight of evidence leads to a new trial instead of to a dismissal of the complaint. If the Appellate Division under the broad provisions of section 1317 of the Code of Civil Procedure, now section 584 of the Civil Practice Act, desires not only to reverse the judgment rendered but to make a new one going in the opposite direction and dismissing plaintiff's complaint it should make findings supporting such a judgment. (Rules Civ. Pr. rule 239; *Lamport* v. *Smedley*, 213 N. Y. 82, approved.)

*Frisbie* v. *Lucas*, 192 App. Div. 583, modified.

(Argued January 30, 1923; decided March 6, 1923.)

APPEAL from a judgment, entered September 1, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon the report of a referee and directing a dismissal of the complaint.

14

*Frank Parker Ufford* for appellant.

*John Nicolson* for respondent.

HISCOCK, Ch. J.　This case has reached by a somewhat unusual course its present stage at which we are called on to consider the correctness of a judgment dismissing the complaint.

The complaint set out four alleged causes of action in favor of plaintiff's testatrix against defendant's testator. Of these, one was upon an alleged promise to pay $10,000 for services rendered by the former to the latter, a second for services, a third for money loaned, and a fourth upon an account stated. All of these claims were disputed and although the action was one at law it was by some arrangement tried before a referee. The report of the referee and the judgment entered thereon were in favor of plaintiff upon all except the last alleged cause of action which was dismissed. On appeal to the Appellate Division it was unanimously adjudged that the findings and judgment so far as favorable to plaintiff should be reversed and the complaint dismissed. On appeal to this court we held that the apparent purpose of the Appellate Division to reverse on the facts as well as on the law was ineffectual because it had not complied with the requirements of the Code in respect to such a reversal and that, therefore, the reversal must be considered as one on the law only. Taking this view and agreeing with the Appellate Division that there was no evidence to support plaintiff's second and third causes of action we held that on the contrary there was evidence to sustain the judgment in favor of plaintiff upon her first cause of action and we, therefore, reversed the judgment of the Appellate Division in respect of that cause of action and affirmed the judgment of the trial court. (*Caldwell* v. *Lucas*, 233 N. Y. 248.)

After all this had occurred we learned that counsel for the defendant had argued and permitted this court to

consider and decide the appeal although he knew that the party whom he purported to represent was dead, that no substitution had been made and that we were without jurisdiction to consider the appeal. But, even though it were assumed that this conduct on the part of counsel was deliberate and inexcusable, it could not offset or cure the lack of jurisdiction to which we had been unknowingly subject and we were, therefore, compelled to vacate our decision and provide for a substitution of parties.

In the course of the delay which then ensued defendant's counsel applied to the Appellate Division for an order amending its original order of reversal so as to show a reversal on the facts and that court did amend *nunc pro tunc* its order and judgment so that the same should read that the judgment of the trial court " be and the same is hereby reversed on the facts and on the law; and that all findings of fact and conclusions of law on which it is based and particularly the findings of fact set forth in paragraphs of the decision herein marked 3, 4, 6, 11, 13 and the facts found in conclusions of law marked 1, be and they are hereby reversed as unsustained by the evidence," and the provision dismissing the complaint was retained. It is this judgment from which the present appeal comes and the only question which we deem it necessary to consider is the one whether it was proper for the Appellate Division to render final judgment dismissing the complaint as to the first cause of action or whether it should have granted a new trial.

Adherence to our original decision that there was evidence to support the plaintiff's first cause of action and that the same was not barred by the Statute of Limitations necessarily leads us now to hold that the reversal of the judgment upon this cause of action on the ground that there was no evidence to sustain it was error and that, therefore, that basis for the dismissal of the complaint does not exist. That leaves as the only basis for such dismissal the reversal on the facts, and we shall

assume for the purposes of this discussion that when the Appellate Division reversed various material findings as " unsustained by the evidence " it meant that such findings were against the weight of evidence and not that they were unsustained by any evidence.

Keeping in mind that no new findings tending to support a judgment dismissing the complaint were made by the Appellate Division in the place of those which they reversed, we think that it was error to dismiss the complaint because the weight of evidence was deemed to be against the findings which were made. We think that it would be something of a shock to the profession to learn that a reversal of a judgment on the ground that the weight of evidence was against it should or would lead to a dismissal of the complaint rather than to a new trial where perhaps additional evidence might be offered to support the judgment. That a new trial instead of a dismissal follows a decision that the verdict of a jury upon some issue is against the weight of evidence, is so well settled as to require no discussion. We think that it is equally well settled, although perhaps not so generally understood, that the reversal of findings made by a referee or a judge solely on the ground that they are against the weight of evidence leads to a new trial instead of to a dismissal of the complaint. (*Bonnette* v. *Molloy*, 209 N. Y. 167, 171, 172; *Aalholm* v. *People*, 211 N. Y. 406, 420; *Lamport* v. *Smedley*, 213 N. Y. 82; *Ga Nun* v. *Palmer*, 216 N. Y. 603.)

If the Appellate Division under the broad provisions of section 1317 of the Code (now section 584 of the Civil Practice Act) desired not only to reverse the judgment which had been rendered but to make a new judgment going in the opposite direction and dismissing plaintiff's complaint it should have made findings supporting such a judgment. (Cases cited *supra*.)

The case of *Lamport* v. *Smedley* (*supra*), reported in Appellate Division (155 App. Div. 516), is especially

interpretative of this rule. That action had been brought to set aside assignments of insurance policies and transfers of stock on the ground of fraud, undue influence and mental incapacity and the trial judge had made findings in favor of the plaintiff. The Appellate Division in the first instance simply reversed these findings and rendered judgment dismissing the complaint. Subsequently, however, on the matter being brought to its attention by motion an order was made amending *nunc pro tunc* this judgment by inserting therein findings of fact negativing the claims of fraud and undue influence which had been found by the trial court and thus furnishing a basis for its judgment dismissing the complaint.

This view of the practice that if in such a case as this the Appellate Division desires to make a final judgment dismissing the complaint it must make findings supporting such judgment is now embodied in section 239 of the Rules of Civil Practice where it is provided that " The Appellate Division, on rendering final judgment on appeal pursuant to the provision of section 584 of the Civil Practice Act, on reversing or modifying a judgment entered on the decision of the court, or the report of a referee, without granting a new trial, may reverse any finding, and *shall make such new findings of fact* proved on the trial as shall be necessary to sustain the judgment awarded. * * * ".

We are the more ready in this case to modify the judgment dismissing the complaint which now rests solely on a reversal on facts because the opinion on the reversal does impress us that it really was on the law rather than on the weight of evidence. The discussion by the learned justice who wrote that opinion characterizes the evidence in such a manner as would seem to indicate that he thought it was insufficient as matter of law to sustain the judgment. He also reached the conclusion that the claim was barred by the Statute of Limitations. These considerations of course would lead to the reversal as matter

of law instead of on a consideration of the weight of evidence. (*Ga Nun* v. *Palmer, supra,* pp. 611, 612.)

The judgment should be modified so as to grant a new trial of the first cause of action, with costs to the appellant in this court and the Appellate Division to abide event.

HOGAN, POUND, CRANE and ANDREWS, JJ., concur; CARDOZO and MCLAUGHLIN, JJ., dissent on the ground the complaint should have been dismissed as matter of law.

Judgment accordingly.