Earl W. Hayden, Plaintiff-Appellant, v. Floyd E. Wheeler, Administrator of the Estate of Mary M. Esser, Deceased, Defendant-Appellee.

Gen. No. 11,865.

Second District.

September 15, 1964.

Irving D. Levin, of Chicago (Erland O. Nelson, of Rockford, of counsel), for appellant.

Haye & Keegan, of Rockford (Frederick H. Haye, of counsel), for appellee.

ABRAHAMSON, P. J.

The trial court sustained a Motion to Dismiss a complaint filed against a foreign administrator on the basis that there is no authority in Illinois permitting a foreign administrator to be made a party defendant to a cause of action. Plaintiff brings this appeal.

The plaintiff, Earl W. Hayden, sought to recover for injuries sustained in an automobile collision with a vehicle driven by Mary M. Esser, a resident of Wisconsin, whose injuries proved fatal. The accident occurred February 26, 1959, near the City of Rockford in Winnebago County. Floyd E. Wheeler was appointed and qualified as administrator of her estate in a probate proceeding in the County Court of Dane County, Wisconsin. The foreign administrator is the sole defendant in the complaint filed herein which fails to allege that any assets of the decedent's estate have an Illinois situs. Plaintiff obtained service on the foreign administrator by forwarding a summons duly issued by the Clerk of the Circuit Court of Winnebago County to the Sheriff of Dane County, Wisconsin.

Chapter 110, Section 17, Civil Practice Act, Illinois Revised Statutes, became effective January 1, 1956. Our Supreme Court has upheld the validity of this section and has followed the modern trend in the general doctrine of extending the jurisdiction of Illinois courts over nonresidents having met certain requisites within this state. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill2d 432, 176 NE2d 761 (1961), Nelson v. Miller, 11 Ill2d 378, 143 NE2d 673 (1957). The extension of jurisdiction to nonresidents has been in effect as to nonresident automobile owners, agents or representatives for many years. Motor Vehicle Act, chapter 95½, section 9–301, Illinois Revised

397

Statutes. There is no disagreement on this general principle between the parties.

Plaintiff contends that in view of the general principle herein declared that the State Legislature extended the jurisdiction of the state court to a foreign administrator of a nonresident decedent in the enactment of section 17, supra, which provides as follows:

Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representatives, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

(a) The transaction of any business within this State;

(b) The commission of a tortious act within this State;

(c) The ownership, use, or possession of any real estate situated in this State;

(d) Contracting to insure any person, property or risk located within this State at the time of contracting.

It should be apparent that this section extends the possible jurisdiction to the state courts in the specified areas therein quoted, and the Legislative intent in the use of his personal representative in the context therein cannot be construed to include the technical definition of the legal profession as cited in Bouvier's Law Dictionary to mean the executor or administrator of a deceased person. We construe the language to refer to an agent, employee or representative of a living person or individual. The definition of personal representative in the Workmen's Compensation Act, Illinois Revised Statutes, 1953, chap 48, section 138.5 as construed in Dillon v. Nathan, 10 Ill App2d 289, 135 NE2d 136, appears to have no application to the

above quoted statute. Plaintiff's brief and argument is addressed solely to section 17, supra. No contention is made that the Motor Vehicle Act, supra, makes provision for service on a foreign administrator of a deceased nonresident.

Chapter 3, Section 265, Administration of Estates, specifically provides for the right of a foreign administrator or executor to commence and maintain a right of action in the State of Illinois. We do not concur with the principle that conversely a foreign administrator or executor can be sued within this state for any one of the causes enumerated under section 17, supra. Should the Legislative intent been so, the statute would so provide.

In Elting v. First Nat. Bank of Biggsville, 173 Ill 368, 50 NE 1095 (1898) a judgment rendered in a New York Court against an administrator appointed in Illinois was a nullity. An administrator cannot be served out of the jurisdiction from which he derives his authority. In Becker v. Bird, 255 Ill App 51 (1929) a judgment was sought against the estate of a resident of Massachusetts where his estate was probated. The Court held it is a well settled rule that the trial court could not acquire jurisdiction to enter a valid decree against the representative of the Massachusetts decedent. In Filer & Stowell Co. v. Rainey, 120 F 718 (1903), the Court said:

> It is a well settled rule of law that the power and rights of an administrator or executor are local and limited to the state under whose law they are appointed, except that they may be recognized by the statutes of other states through courtesy. There is no law in Illinois which gives jurisdiction to this court or any state court to try a suit against a foreign administrator or executor in the absence of estate situate here and their qualification as provided by statute.

This general rule is recognized in 19 ILP 326, Executors and Administrators, par 345.

Attention has been called to cases under the Missouri and Massachusetts statutes. In view of our construction of section 17, supra, that the intent of the Legislature is clear and unequivocal, an analysis of those cases would be of no aid. Since the subsequent enactments and amendments to the Civil Practice Act, the Administration Act, and the Motor Vehicle Act, above cited, make no reference to foreign administrators or executors, we must conclude that the Legislature was aware of the decisions above referred to.

Plaintiff contends that the defendant submitted to the jurisdiction of the court for failure to supply an affidavit in compliance with the requirements in section 20(2), Illinois Revised Statutes, 1959, chapter 110. Attention is called to this section which provides if the reasons for the objections are not apparent from the papers on file in the case, a special appearance shall be obtained by affidavit setting forth the reasons. There is no merit to this contention in that the complaint sets forth the facts and there appears to be no necessity for supplemental affidavits.

The judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

CARROLL and MORAN, JJ., concur.