## (April 23, 1965)

■ JOSEPHINE THOMPSON v. RAYMOND KRAMER, INC., et al.— Motion to vacate the order of this court dated March 5, 1965 (see 23 A D 2d 494) granted, with $20 costs to the moving party. The personal representative of the deceased plaintiff-respondent is substituted as provided in the order of Special Term dated March 31, 1965, and the cause placed on the Enumerated Calendar for the first day of the 1965 June Term of this court for reargument and submission to the court before which it was argued. Plaintiff's death prior to argument of the appeal deprived this court of jurisdiction pending the substitution of her personal representative. (*Caldwell* v. *Nicolson*, 235 N. Y. 209; *Bronheim* v. *Kelleher*, 258 App. Div. 972; *Clark* v. *Pennsylvania R. R. Co.*, 179 App. Div. 962; *Chew* v. *New York Central R. R. Co.*, 179 App. Div. 962; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1021.16.) In this action for personal injuries, judgment was entered April 2, 1964 in the sum of $79,390.92 against defendants Raymond Kramer, Inc., and Jacob Blumenson, as executor of the estate of Doris Blumenson, deceased, and in the sum of $78,695.46 against defendant the City of New York. Defendants' appeal therefrom was heard and the decision of this court filed January 28, 1965 modified said judgment to the extent of reversing it and dismissing the complaint as to defendant Raymond Kramer, Inc., and reversing it and granting a new trial as to the other defendants, unless plaintiff stipulated to accept $40,000 in lieu of the verdict, in which event the judgment was modified accordingly and affirmed as to said defendants. Plaintiff died February 24, 1964, after verdict but before judgment was entered and before the notices of appeal were served. Prior to the hearing of the appeal plaintiff's attorney knew of the death of his client but nevertheless failed to advise the court concerning it, believing it to be unnecessary. The failure to inform this court of the plaintiff's

death is inexcusable. We are compelled to vacate our decision because the plaintiff's death deprived us of jurisdiction pending substitution of her personal representative. Had the result of the appeal been unsatisfactory to the deceased plaintiff's representative, we would be required to vacate it on his application. (*Caldwell* v. *Nicolson, supra.*) It is not within the competence of the representative of a deceased litigant to accept or nullify at will the disposition of an appeal. Concur — Breitel, J. P., Rabin, McNally, Steuer and Witmer, JJ.