Chief Judge Fuld.
The petitioner, the administrator of the estate of Sigmund Einstoss, brought this proceeding to disallow a claim against the estate by the State and Territory of Alaska. Mr. Einstoss had died in 1954, and Alaska’s claim was based on a judgment rendered against him by the United States District Court for the Territory of Alaska in 1957, three years after his death. The New York administrator was never .substituted as a party to the Alaskan proceeding, and the question posed on this appeal—here by our leave—is whether that judgment is entitled to full faith and credit and is enforceable against the decedent’s assets here.
*185 In 1951, Einstoss purchased land in Alaska, then a Territory, upon which he operated a salmon cannery. The property was subject to a mortgage of $25,000 and, in 1954, following Einstoss ’ default on his mortgage payments, the mortgagee instituted a foreclosure proceeding against him in the Territorial court. The Territory had filed a lien on the property for unpaid franchise taxes on the operation of the cannery, and it was named as a party defendant in the foreclosure proceeding. At the time, Einstoss was in Seattle, Washington, and was, therefore, not subject to the in personam jurisdiction of the Alaskan court. Nevertheless, upon the express representation of the mortgagee that she would satisfy any judgment solely out of the mortgaged property, Einstoss entered an ‘ ‘ appearance ’ ’ and admitted his liability for the amount outstanding on the mortgage note — $11,000 plus interest.
Two days after Einstoss’ appearance, the Territory filed a cross complaint against him seeking a judgment for the unpaid franchise taxes and foreclosure of its lien. It procured an order from the court — pursuant to section 1655 of title 28 of the United States Code[1]—authorizing it to serve the cross complaint ‘ ‘ wherever the defendant * * * may be found. ’ ’ In accordance with that order, the cross complaint was personally served upon Einstoss in Seattle on April 26, 1954, a copy having been previously mailed to an Alaskan law firm which, though it represented Einstoss, had not appeared for him in the action.
On May 17, 1954, the day before he was required to answer the cross complaint, Einstoss died. The Territory, however, apparently unaware of his death, procured an “ entry of *186 default ’ ’ from the clerk of the court precluding him from defending against the cross claim (see Fed. Rules Civ. Pro., rule 55, subd. [a]). Despite this order, the decedent’s ancillary administrator in Alaska attempted to appear in the action and file an answer but, in view of the default, her answer was, in the claimant’s words, ‘1 properly treated by the court as a nullity”. The mortgagee and the Territory then proceeded to litigate the priority of their respective liens and the Territory eventually prevailed. (See Schlothan v. Territory of Alaska, 276 F. 2d 806, cert. den. 362 U. S. 990.) A final judgment was eventually entered against the decedent for his unpaid taxes — in an amount in excess of $95,000—and, in 1961, Alaska, at that time a State, sold his property for about one third of that sum. Finally, in March of 1965, 11 years after Einstoss’ death, his domiciliary administrator in New York was notified of the Alaskan judgment in a letter asserting a claim against the estate for the deficiency.
The Surrogate’s Court disallowed the claim, noting that the Alaskan court had never ordered that the New York administrator be substituted for the decedent as authorized under rule 25 (subd. [a], par. [1]) of the Federal Rules of Civil Procedure.[2] Since the petitioner had not been a party to the proceeding in Alaska, the Surrogate reasoned that ‘[1] the judgment has no binding effect as a claim against the assets of the decedent’s estate,” and the resulting order was affirmed by the Appellate Division.
It should be pointed out at the outset that the underlying claim upon which the Alaskan judgment was based—the decedent’s liability for unpaid franchise taxes—is not, in itself, enforceable outside of Alaska. (See City of Philadelphia v. Cohen, 11 N Y 2d 401, cert. den. 371 U. S. 934; State of Colorado v. Harbeck, 232 N. Y. 71.) Consequently, the only way the Territory could enforce its claim against the decedent’s New York *187 assets was to obtain a judgment in Alaska which would be binding upon the New York administrator and entitled to full faith and credit in the courts of this State .(TJ. S. Code, tit. 28, § 1738). The judgment upon which Alaska’s claim is grounded is not entitled to such recognition not only because the New York administrator was never made a party to the proceeding but also because the Alaskan court never acquired in personam jurisdiction for the tax claim during Einstoss ’ lifetime.
Belying on the doctrine of continuing jurisdiction, the claimant asserts that, once Einstoss had appeared in response to the initial claim by the mortgagee, the court retained jurisdiction over him for all further proceedings in the action, including its cross claim for taxes. Although this is the general rule, the doctrine has its limits and, where a party appears but takes no further action in a case, a court’s jurisdiction does not go beyond the general subject matter of the suit in which he appeared. (See Reynolds v. Stockton, 140 U. S. 254, 264-265; see, also, Leflar, American Conflicts Law, § 28, p. 51.) Thus, in the present case, Einstoss’ appearance in an action to foreclose a mortgage, did not, in itself, render him subject to the Territory’s unrelated cross claim for taxes.
In the Reynolds case (140 U. S. 254, supra), for instance, a group of policyholders had brought an action against the New York Superintendent of Insurance to recover funds which had been deposited with him by a defunct insurance’company. The receiver of the company’s assets in New Jersey was named as a nominal party and entered an appearance without contesting the action. After the trial, however, the New York court entered a judgment against the New Jersey receiver in an amount exceeding $1,000,000 and the policyholders brought suit in New Jersey to enforce the judgment. The Supreme Court held that the New York judgment was not entitled to full faith and credit since the jurisdiction conferred by the receiver’s appearance did not extend to the question of his own liability but only to that of the Superintendent of Insurance (140 U. S., at p. 265): “ If the fact of a judgment rendered in a court of one State does not preclude inquiry in the courts of another, as to the jurisdiction of the court rendering the judgment over the person or the subject matter, it certainly also does not preclude inquiry as to whether the judgment so rendered was so far responsive to the *188 issues tendered by the pleadings as to be a proper exercise of jurisdiction on the part of the court rendering it. Take an extreme case: Given a court of general jurisdiction, over actions in ejectment as well as those in replevin; a complaint in replevin for the possession of certain specific property, personal service upon the defendant, appearance and answer denying title; could (there being no subsequent appearance of the defendant and no amendment of the complaint) a judgment thereafter rendered in such action for the recovery of the possession of certain real estate be upheld. Surely not; even in the courts of the same State. If not there, the constitutional provision quoted [the Full Faith and Credit Clause] gives no greater force to the same record in another State.” (Emphasis supplied.)[3]
The present is quite 'Similar to the “ extreme case ” instanced by the Supreme Court in Reynolds. The action in which Einstoss appeared was a proceeding to foreclose a mortgage, involving a maximum liability, on his part, of little more than $11,000 (considerably less than the value of the property over which the court already had in rem jurisdiction) but the judgment which eventually resulted was based on an entirely different obligation, his liability to the Territory for taxes, and amounted to nearly $100,000. The mere fact that the Federal Rules permitted this claim to be asserted in a cross complaint does not alter the requirement that the court must obtain jurisdiction over the defendant anew before it may entertain a new and entirely unrelated claim against him. (See United States v. Krasnov, 109 F. Supp. 143, 147.) As one authoritative commentator has put it (Leflar, American Conflicts Law, § 28, p. 51), a party may not “ under the guise of continuing jurisdiction be subjected to what is essentially a new suit ”.
*189 When the Territory sought and obtained an order, under section 1655 of title 28 of the United States Code, authorizing personal service upon a defendant outside the Territory, it, in effect, acknowledged that Einstoss was not yet subject to the court’s jurisdiction for the purposes of its cross claim. Section 1655 expressly recites that it is available only against an absent defendant who “ does not voluntarily appear,” and service under that provision is neither necessáry nor proper where jurisdiction has already been attained. Once the section was invoked the court could, of course, have proceeded to enter a judgment on the cross claim but, as section 1655 declares, it could only affect “the property which [was] the subject of the action” and could not subject the defendant to personal liability. In other words, although the claims were consolidated in a single action, the mortgagee’s suit on the mortgage note and the Territory’s claim for taxes were, for jurisdictional purposes, entirely separate causes of action. Einstoss may have personally appeared with respect to the former but the court’s jurisdiction to render a judgment on the tax claim derived solely from the service pursuant to section 1655 and was limited, under that provision, to the foreclosure of the lien.
In any event, though, even if the court had obtained personal jurisdiction over Einstoss during his lifetime, this does not mean that the resulting judgment, which was not entered until three years after his death, would be binding upon his New York administrator and enforceable against his assets located in this State. Under Federal law, as well as that of all other common-law jurisdictions, if a party dies before a verdict or decision is rendered in an action, it abates as to him and must be dismissed unless it is revived by substituting his personal representative (Federal Rules Civ. Pro., rule 25, subd. [a], par. [1]; see Anderson v. Yungkau, 329 U. S. 482, 485; Iovino v. Waterson, 274 F. 2d 41, cert. den. 362 U. S. 949; see, also, CPLR 1015, subd. [a], 5016, subd. [d]).
The claimant contends that the failure of the Alaskan court to comply with the mandate of rule 25 of the Federal Rules was, essentially, a formal defect in the Alaskan judgment which did not divest the court of jurisdiction. The fact is, however, that, in the absence of an order of substitution and service of process upon the New York administrator, the Alaskan court never *190 obtained jurisdiction over him, and he may not be bound by the judgment which that court rendered. (See Pendleton v. Russell, 144 U. S. 640, 644-646; Reynolds v. Stockton, 140 U. S. 254, 271-272, supra; Johnson v. Powers, 139 U. S. 156, 159; Iovino v. Waterson, 274 F. 2d 41, 44-45, supra; Rosenfeld v. Hotel Corp. of Amer., 20 N Y 2d 25; McMaster v. Gould, 240 N. Y. 379; Helme v. Buckelew, 229 N. Y. 363, 373; Matter of Davis, 31 Misc 2d 270, 273, affd. 16 A D 2d 683, mot. for lv. to app. den. 12 N Y 2d 648.) The decisions in these cases are based upon the obvious fact that an administrator-—or, his commercial equivalent, a receiver of the assets of a dissolved corporation—is not the same person as the one whose assets he controls. Although the former takes those assets subject to any judgments which may have existed at the time of the decedent’s death, any further proceedings against such assets must be brought against the administrator if they are to have any binding effect. The procedure for revival of an action by .substitution of the personal representative, far from being a mere technical formality, is, rather, the recognized means by which a court obtains jurisdiction over the personal representative. Indeed, it is for this reason that rule 25 (subd. [a], par. [1]) requires that service of the notice of motion upon the newly substituted party must be made ‘ ‘ in the manner provided in Buie 4 for the service of a summons ”.
Since the substitution of an administrator is a jurisdictional act, the court must have some independent basis for the exercise of jurisdiction before it can order substitution. Thus, prior to the development of the concept of ‘1 long arm ’ ’ jurisdiction, a state court could not substitute an executor as a party, even though it had previously obtained jurisdiction over the decedent, unless the foreign administrator was “ present ” in the state or was authorized and willing to appear voluntarily. (See McMaster v. Gould, 240 N. Y. 379, 386-387, supra; Helme v. Buckelew, 229 N. Y. 363, 373, supra.)[4] The court could, of course, proceed in rem against the decedent’s assets within the state by substituting an ancillary administrator but, unless the *191 domiciliary administrator appeared, the judgment had no extraterritorial effect. (See Johnson v. Powers, 139 U. S. 156, 159, supra.)
More recently, as the traditional bases for the exercise of in personam jurisdiction have expanded, we have held that a court could exercise jurisdiction over a foreign executor or administrator in suits arising out of the conduct of the decedent within the State. (CPLR 302, subd. [a]; see Rosenfeld v. Hotel Corp. of Amer., 20 N Y 2d 25, 34, supra; Leighton v. Roper, 300 N. Y. 434, 439; but cf. Hayden v. Wheeler, 51 Ill. App. 2d 396.)[5] Nevertheless, it is still necessary that the representative be served with process and accorded ‘ ‘ all the procedural safeguards required by due process of law ” before the court may enter a binding judgment against him. (Rosenfeld v. Hotel Corp. of Amer., 20 N Y 2d 25, 34, supra; see, also, Leighton v. Roper, 300 N. Y. 434, 443, supra; Matter of Davis, 31 Misc 2d 270, 273, affd. 16 A D 2d 683, mot. for lv. to app. den. 12 N Y 2d 648, supra.)
When, as here, there is no attempt to revive the action by substituting the representative, the court lacks jurisdiction to enter any judgment at all. (See Pendleton v. Russell, 144 U. S. 640, supra.) In Pendleton, a Federal court in Tennessee had entered a judgment against a dissolved insurance company without substituting its New York receiver. The United States Supreme Court upheld a decision of our court (106 N. Y. 619), denying that judgment full faith and credit as a claim against the receiver, with the comment that “ [t]he judgment was * * * no more valid * * * than it would have been if rendered for a like amount against a dead man” (144 U. S., at p. 645). And, continued the court, the receiver was not bound since he ‘ ‘ was not substituted in the place of the dissolved corporation; no process or citation was issued by that court to bring him before it, nor any proceeding taken for that purpose.”
In this case, even the attempted appearence by the local ancillary administratrix was rejected and no effort was ever made to substitute the New York representative. The purported *192 judgment, entered against an individual who had died .several years earlier, may only be treated as a nullity and, it follows, the Surrogate very properly rejected that judgment as a claim against the assets held by the New York administrator.
The order appealed from should be affirmed, with costs.
Judges Scileppi, Berg aw, Breitel, Jasen and Gibson, concur; Judge Burke taking no part.
Order affirmed, etc.

. Insofar as relevant, that section reads as follows:
“ In an action in a district court to enforce any lien upon * ' * real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.
“ Such order shall be served on the absent defendant personally if practicable, wherever found *' * *.
“ If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action.” (Emphasis supplied.)

. At the time of the Alaskan action, rule 25 (subd. [a], par. [1]) provided: “If a party dies and the claim is not thereby extinguished the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district.” (Emphasis supplied.)

. Although the lack of jurisdiction to decide the question was the principal reason given by the Supreme Court for denying the New York judgment full faith and credit, the court noted an additional ground for its decision which is also relevant to the present ease. The New Jersey receiver who had appeared in the New York action resigned from his position before judgment was entered against him and his successor was not substituted as a party. Regarding this, the court stated (140 U. S., at p. 272), “as [the newly oppointed New Jersey receiver] was not a party to the proceedings in the New York court, and was not authoritatively represented therein, the judgment, even if responsive to the issues tendered by the pleadings, was not an adjudication binding upon him, or the estate in his hands.”

. Of course, Federal courts may, when authorized by Congress, exercise nationwide in personam jurisdiction. Rule 25 (subd. [a], par. [1]) of the Federal Rules, which provides for service “in any judicial district,” has been interpreted as containing such authorization. (See Iovino v. Waterson, 274 F. 2d 41, 45, supra.)

. However, it is by no means certain that a judgment entered on this basis would be entitled to full faith and credit. (See Rosenfeld v. Hotel Corp. of Amer., 20 N Y 2d 25, 29, supra; see, also, McLaughlin, 1965 Supplementary Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 302 [1969 Cum. Supp.], p. 137.)