■ ROSALIE STUTZ et al., Respondents-Appellants, v 15 WEST 72ND STREET ASSOCIATES, Appellant, and ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent-Respondent.—Appeal from the order and judgment, Supreme Court, New York County, entered in this action for injunctive relief on January 17, 1980, granting plaintiffs' motion for a preliminary injunction and enjoining defendant during the pendency of this action from withdrawing, revoking or rescinding during the exclusive right of purchase period defendant sponsor's special 9½% financing offering as set forth in the co-operative conversion offering plan dated August 30, 1979, and from attempting to enforce the provisions of the first amendment thereto dated December 14, 1979 withdrawing such offer effective January 18, 1980, and cross appeal from the same order and judgment which granted the cross motion of the Attorney-General to dismiss the companion CPLR article 78 proceeding as against the Attorney-General, unanimously dismissed as moot, without costs. The original offering plan made 9½% financing available until the day before the date set for closing. When defendant filed an amendment revoking and withdrawing the offering of 9½% financing as of January 18, 1980 instead of the day before closing, plaintiffs obtained the preliminary injunction appealed from, enjoining such revocation and any attempt at withdrawal of the original offer. On the day the appeal was set for argument, counsel for the parties asked that it not be decided until April 18, 1980 pending settlement. Although the settlement and negotiations apparently failed, defendant filed with the Attorney-General a third amendment which restored the original terms of the offer extending it to the last business day before closing. On this basis, plaintiffs moved to dismiss defendant's appeal as moot. Plaintiffs, as petitioners in the CPLR article 78 proceeding against the Attorney-General, requested, however, that their appeal from the dismissal of their petition and proceeding against the Attorney-General proceed. It is undisputed that the third amendment filed by the sponsor coincides with and makes the same offering as the original offering. This was the relief plaintiffs had sought and obtained by virtue of the temporary injunction. Accordingly, the basis for the temporary injunction no longer exists and the issue is moot. In this context we find it unnecessary and inappropriate to pass on the underlying issue of the power of a sponsor to change the terms of financing on appropriate notice and

filing, as defendant requests, as a guide to the industry. For the same reasons, we have *sua sponte* dismissed as moot the appeal of plaintiffs as petitioners from the dismissal of their CPLR article 78 proceeding. The effect of our dismissal is "to erase [the injunction] from the books" *(Matter of Park East Corp. v Whalen,* 43 NY2d 735, 736; *Matter of Two Lincoln Sq. Assoc. v New York City Conciliation & Appeals Bd.,* 75 AD2d 751). Concur— Murphy, P. J., Kupferman, Birns, Fein and Lynch, JJ.