■ NOEL G. WISDOM, Respondent, v ELAINE M. WISDOM, Appellant. — Appeal from order, Supreme Court, Bronx County (Irwin M., Silbowitz, J.), entered on August 24, 1983, denying defendant's motion seeking to set aside a judgment of divorce signed July 7, 1982 and thereafter entered in Supreme Court, Bronx County, on October 21, 1982, unanimously dismissed, without costs, for lack of jurisdiction to entertain the appeal.

In January 1980, plaintiff initiated suit for divorce claiming cruel and inhuman treatment. Defendant counterclaimed on similar grounds seeking possession and division of real property owned by the parties, and support for herself and the parties' sons. On November 17, 1980 in open court, Justice Silbowitz approved a stipulation of settlement between the parties and ruled: "Judgment granted for divorce to both plaintiff and defendant. Settle findings of fact, conclusions of law, together with the minutes and the proposed judgment."

On December 15, 1980, plaintiff, by new counsel, moved to vacate and set aside the stipulation on the grounds that the settlement was inequitable and had been agreed to because of inadequate counsel, duress and fraud. Defendant cross-moved to dismiss the motion and for counsel fees. By order dated March 11, 1981, the issues were referred to a Trial Term referee. By report dated May 12, 1981, the special referee made recommendations as to alimony and support payments for the parties' son. Each party moved to confirm and disaffirm the referee's report in part.

While the cross motions were pending undetermined, plaintiff died in a job-related accident, on October 15, 1981. Defendant's counsel, by letter to the clerk on October 27, 1981, requested all proceedings be terminated. By letter dated November 3, 1981, plaintiff's counsel stated he intended to enter judgment as soon as the motions were decided. By order dated December 8, 1981 Special Term granted defendant's motion to confirm in part and disaffirm in part the special referee's report, stating that the "fact that plaintiff is now deceased is of no moment since a decision granting the divorce has previously been made (CPLR 5016 [d]; see also Jayson v. Jayson, 54 A D 2d 687)."

The judgment of divorce was signed by Special Term on July 7, 1982 and entered on October 21, 1982.

By notice dated July 7, 1983, defendant moved to vacate and set aside the judgment of divorce on the ground that counsel representing plaintiff had no authority to act in entering judg-

ment on behalf of the deceased plaintiff. Counsel for plaintiff opposed the motion.

Special Term denied the motion to vacate, relying upon CPLR 5016 (d), which allows entry of judgment "if a party dies before entry of judgment and after a verdict, decision or accepted offer to compromise * * * unless the verdict, decision or offer is set aside." The court noted that since its decision granting the divorce had been "rendered prior to the plaintiff's death and neither vacated or set aside, entry of the judgment was proper."

Defendant appealed.

The threshold issue is not, as Special Term concluded, whether there is a basis on which to vacate the judgment of divorce, but, rather, whether due to lack of substitution for decedent plaintiff, there existed the requisite jurisdiction for Special Term to hear the motion, and, for that matter, for this court to hear the appeal. As there has been no substitution for the plaintiff, neither this court nor Special Term has jurisdiction to pass upon the motion or the appeal (*Matter of Einstoss,* 26 NY2d 181). As the court noted (26 NY2d, at p 189), "if a party dies before a verdict or decision is rendered in an action, it abates as to him and must be dismissed unless it is revived by substituting his personal representative". In an action that does not abate upon death, substitution is mandatory (NY Advisory Comm on Practice and Procedure, Final Report [1961 Advance Draft], at A-343) so that where there is no substitute "every step made without substitution may be deemed void, including an appellate decision."

Whether this action abated depends on whether the judgment of divorce was validly entered. Since plaintiff decedent was not substituted for prior to the bringing of the motion to vacate, neither that motion nor the appeal arising out of its denial can be deemed to provide the court with the requisite jurisdiction to proceed on the merits (*Thompson v Raymond Kramer, Inc.,* 23 AD2d 746; *Moore v Washington,* 34 AD2d 903; *Matter of Einstoss, supra;* 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1015.07; Siegel, NY Prac § 184). Thus, in *Matter of O'Esau v Bliss Co.* (224 NY 701), where the State Industrial Commission made an award in favor of a claimant subsequent to his death and no substitution had been made, the appeal was dismissed by the Court of Appeals because it could not consider an appeal from an order in favor of a deceased party where no substitution had been made. (*See, Price v Booth,* 21 AD2d 680; *Bronheim v Kelleher,* 258 App Div 972.)

The basis of the substitution requirement is the principle of agency. Just as the death of a principal ordinarily revokes the

authority of the agent, so the death of a party to an action revokes the power of the attorney (CPLR 1015; *see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1015:2; *see also, Van Campen v Bruns,* 54 App Div 86, 89). We are without jurisdiction to determine whether the divorce decree here was validly entered after plaintiff's death, as ruled by Special Term. The question here relates to the motion initiated after plaintiff's death, and an appeal growing out of the denial of that motion.

Where a party to an action dies, any surviving interest in the action passes from the decedent to his or her representative, who may well have unique interests (*see, Matter of Einstoss,* 26 NY2d, at p 190). The new party cannot be required to rely on decedent's counsel, no matter how capable.

It is immaterial who stands to benefit from dismissal of an appeal from a denial of a motion to vacate a judgment for lack of substitution for a deceased party. That very lack of substitution imports a lack of jurisdiction to appeal. The question is not one of prejudice (*Matter of O'Esau v Bliss Co., supra; Dooley v Gray,* 22 AD2d 791; *Goldbard v Kirchik,* 20 AD2d 725; *Angelo v Angelo,* 282 App Div 981).

It has been held that in ruling there is no jurisdiction to entertain such an appeal, it is appropriate to rule that the decision passing on the motion was likewise without jurisdiction for the same reason. Thus, in *Chimenti v Hertz Corp.* (25 AD2d 562) it was held that "the notice of appeal * * * is void" and that "Special Term likewise lacked jurisdiction to pass on the motion". (*See also, Arena v Manganello,* 31 AD2d 540; *Thompson v Raymond Kramer, Inc., supra.*)

It is noted that by order entered May 5, 1982 in Bronx Surrogate's Court (Bertram R. Gelfand, S.), defendant was granted letters of administration for the sole purpose of garnering the assets of plaintiff's estate and pursuing a wrongful death action brought in Pennsylvania, without determining whether defendant was plaintiff's surviving spouse and distributee entitled to share in the estate or wrongful death action. The need for substituting a personal representative to represent decedent here is manifest (*see, Wichlenski v Wichlenski,* 67 AD2d 944).

Because we have no jurisdiction to do so, we do not reach the question as to whether the judgment of divorce was validly entered. Thus the effect of this determination does not "erase from the books the judgment of divorce", as suggested in the concurring memorandum. Whether the judgment was validly entered and the effect of its entry depends on the state of the record at the time of entry (CPLR 5016 [d]; *cf.* CPLR 1021;

*Cornell v Cornell,* 7 NY2d 164; *Jayson v Jayson,* 54 AD2d 687; *cf. Davis v Davis,* 75 AD2d 861, *affd* 52 NY2d 850; *Angelo v Angelo, supra).* This is a question for Special Term after substitution for the deceased plaintiff has been effected. Concur — Murphy, P. J., Ross and Fein, JJ.

Kupferman, J., concurs in a separate memorandum as follows: I write only to add that the effect of the determination of this court is to erase from the books the judgment of divorce. *(See, Matter of Park E. Corp. v Whalen,* 43 NY2d 735; *Stutz v 15 W. 72nd St. Assoc.,* 75 AD2d 773.)