■ ANGEL L. NIEVES, Individually and on Behalf of CECILIA NIEVES, Deceased, Respondent, v 331 EAST 109TH STREET CORP. et al., Appellants.—Judgment, Supreme Court, New York County (Stephen Smyk, J.), entered April 10, 1984, which awarded plaintiff $24,534.50, on a jury verdict, unanimously modified, on the law, without costs, to the extent of striking the award of treble damages, and otherwise affirmed. The orders (same court, Robert White, J.), entered April 17 and May 29, 1984, which (1) denied defendants' motions to vacate their default, (2) denied their motion to renew, and (3) granted the cross motion to substitute Angel Luis Nieves as personal representative, nunc pro tunc, of the deceased plaintiff, Cecilia Nieves, are unanimously affirmed, without costs.

Defendant 331 East 109th Street Corp. owns and manages an apartment building located at that address. Defendant Frank Mastropaolo is its employee and managing agent. Plaintiffs Angel Nieves and his wife Cecilia brought this action against defendants for wrongful eviction and seek to recover compensatory damages for loss of personal property and extreme mental and emotional distress, and treble damages pursuant to former RPAPL 853 (L 1962, ch 142).

Cecilia Nieves died on June 15, 1982. The note of issue was filed on July 20, 1982. When defendants' attorney twice failed to appear for scheduled pretrial conferences, the court referred the matter for an inquest. Plaintiffs moved for entry of a default judgment, disclosing in their moving papers that

Mrs. Nieves was deceased. The motion was granted without opposition.

Thereafter, the inquest was held, the jury returning a verdict for plaintiffs in the amount of $7,000 ($2,000 for loss of property and its use, $5,000 for mental and emotional distress and treble damages) resulting in a judgment for $24,534.50, including interest and costs.

Defendants then moved to vacate the default judgment, alleging that their attorney had been incapacitated, requiring stay of the action under CPLR 321 (c). Following denial of the motion, defendants sought leave to renew, alleging that plaintiffs had not substituted a personal representative for the decedent and the cause of action did not result from assault or forceful ejectment as required under former RPAPL 853 (L 1962, ch 142). Plaintiffs cross-moved to substitute Angel Nieves as personal representative, nun pro tunc, pursuant to CPLR 1015 (a). Following denial of the motion and the granting of the cross motion, defendants appealed.

It is well settled that the death of a party divests the court of jurisdiction to render a judgment until a proper substitution has been made, so that any step taken without it may be deemed void, including an appellate decision. (*Matter of Einstoss,* 26 NY2d 181, 189-190 [1970]; *Thompson v Raymond Kramer, Inc.,* 23 AD2d 746, 747 [1st Dept 1965].) However, under the circumstances of this case, where the decedent's coplaintiff is the surviving spouse, with a clear identity of interest, we find the lack of a personal representative to be an omission which may be remedied retroactively. Under these circumstances the decedent's unique interests are not jeopardized in the absence of a personal representative. (*Compare, Wisdom v Wisdom,* 111 AD2d 13 [1st Dept 1985].) The identity of interest in the litigation assures that the coplaintiff surviving spouse will vigorously protect the decedent's claim until formal substitution is made.

Therefore, the substitution nunc pro tunc was a proper and valid exercise of the court's discretion. There was an actual substitution by virtue of Angel Nieves' active pursuit of their claims. Since defendants proceeded to the inquest with full knowledge of Mrs. Nieves' death, their rights are not prejudiced by validating the prior proceedings. (*Kucher v Kucher,* 60 AD2d 644, 645 [2d Dept 1977]; *cf. Carel Almo Serv. v Weisskopf,* 58 AD2d 550, 551 [1st Dept 1977].) Defendants moreover waived any objection to the validity of the proceedings vis-à-vis the decedent's causes of action. They participated

in the inquest, which was clearly valid as to Mr. Nieves' causes of action, with full knowledge of coplaintiff's death, and failed to raise an objection until after the jury verdict and judgment on their motion for leave to renew the motion to vacate the default.

Defendants secondly maintain that their default should be excused. CPLR 2005 empowers the courts to relieve a defaulting party from the consequences of law office failure "in the interests of justice" where there is a reasonable excuse for the delay and a meritorious claim or defense. The default in the instant case resulted from law office failure—the failure of defendants' attorney to appear for pretrial conferences twice. Discretionary relief must be denied where, as here, insufficient evidentiary affidavits were submitted. (*Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904; *Fluman v TSS Dept. Stores*, 100 AD2d 838 [2d Dept 1984].) Defendants failed to submit an affidavit from a physician concerning their attorney's purported incapacity, and defendant Mastropaolo's affidavit was insufficient to demonstrate a valid defense.

In any event, defendants' pretrial conduct evinced disinterest and a failure properly to defend this action. Defendant Mastropaolo failed to appear for his scheduled examination before trial on three occasions, and left abruptly on one occasion, refusing to answer further questions. No excuse was offered for defendants' apparent failure to inquire about the status of the pending lawsuit before the motion for a default judgment. Moreover, the evidence adduced at the inquest establishes the absence of a meritorious defense to the basic action. (*See, Mineroff v Macy's & Co.*, 97 AD2d 535 [2d Dept 1983].)

Defendants' third contention, that the record does not support an award of treble damages, is persuasive. The credible evidence adduced at the inquest showed that an eviction proceeding for nonpayment of rent was pending against plaintiffs. They had already vacated the apartment and relocated when defendant Mastropaolo changed the door locks and removed personal property which had been left behind. Finally, if an award of treble damages was justified, that portion attributable to Mrs. Nieves' cause of action for emotional distress would be stricken. (The verdict did not apportion the amount between plaintiffs.) Her punitive damage claim abated with her death, pursuant to EPTL 11-3.2 (b) (*Moore v Washington*, 34 AD2d 903, 904 [1st Dept 1970]). Concur—Kupferman, J. P., Ross, Bloom, Kassal and Rosenberger, JJ.