■ MANHANAIM RESORT CORP., Respondent, v ALEXANDER SAMPLES, Deceased, et al., Defendants; DIANE P. ULLMAN et al., Respondents, and METWIN INDUSTRIES, INC., Appellant.—In an action for a judgment declaring, *inter alia,* that the plaintiff's title to certain property is unaffected by a previously docketed money judgment, the defendant Metwin Industries, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Durante, J.), dated February 10, 1988, as declared that the property in question is not subject to a lien in connection with the previously docketed judgment.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

On April 24, 1980, Cosmo Pacetta died during the pendency of a personal injury action against him. In a will executed November 5, 1978, Cosmo Pacetta had named his wife Thelma as the executrix of his estate and as its sole beneficiary. That will was admitted to probate on September 9, 1980.

The record on appeal is devoid of any evidence that Thelma Pacetta was ever served with process in connection with the litigation which was then pending against her deceased husband, or that she was otherwise notified of it. That litigation nevertheless proceeded, apparently on the basis of an oral stipulation entered into in open court between the attorneys for Alexander and Homer Samples, the plaintiffs in that action, and the former attorney for the decedent, Cosmo Pacetta. Pursuant to this stipulation, the caption of the underlying action was amended by substituting Thelma Pacetta, in her representative capacity, in place of Cosmo Pacetta as the named defendant.

The personal injury action resulted in a judgment in favor of Alexander Samples in the principal sum of $100,000 and in favor of Homer Samples in the principal sum of $15,000. The judgment was against "Thelma Pacetta, as Executrix of the Estate of COSMO PACETTA" and was entered on or about December 16, 1980.

On March 16, 1983, Thelma Pacetta died. Shortly thereafter, the attorneys for the plaintiffs in the personal injury action attempted to issue an execution on certain property

known as 120 Beach 9th Street, Rockaway, New York, which is now the subject of the instant action. All parties agree that this property originally belonged to Cosmo Pacetta.

The attempts to levy upon this property were unsuccessful because the original execution, dated March 30, 1983, which designated Thelma Pacetta in her representative capacity as the judgment debtor, could not be served, since Thelma had herself died two weeks earlier. On April 19, 1983, Marie Pacetta was appointed as the successor executrix. More than one year later, in June 1984, the Supreme Court granted the Samples' motion for leave to serve the execution upon Thelma Pacetta by publication. This order incorrectly designated Thelma Pacetta as the executrix of Cosmo Pacetta's estate, and made no provision for service upon the actual executrix, Marie Pacetta.

After service of the execution had purportedly been accomplished pursuant to the terms of the aforementioned order, a Sheriff's sale was conducted and, on July 19, 1984, a Sheriff's deed for the subject property was delivered to Homer Samples. However, this deed was not recorded. Homer Samples then assigned her interest in her $15,000 judgment to the defendant Metwin Industries, Inc. In January 1985, Marie Pacetta, as executrix of the estate of Cosmo Pacetta, conveyed the subject property to plaintiff the Manhanaim Resort Corp.

In the present declaratory judgment action, the Supreme Court declared, *inter alia,* that the money judgment recovered in the personal injury action and docketed in the clerk's office on or about December 16, 1980, does not affect the plaintiff's title to the property in question, and that the plaintiff's title to the property is "free from any claims by Homer Samples, Alexander Samples or Metwin Industries, Inc.". The court also declared that the Sheriff's deed to Homer Samples was void. Metwin Industries, Inc., now appeals from so much of the judgment as declared that the property in question is not subject to any lien based upon the judgment in favor of the Samples. We affirm.

The Supreme Court's determination that the defendant Metwin Industries, Inc., has no valid lien on the subject property is correct for the following reasons. First, it appears that the money judgment awarded in the personal injury action is invalid. The attorneys for Cosmo Pacetta had no authority to stipulate to the substitution of the estate of Cosmo Pacetta as a party defendant in the personal injury action *(see,* CPLR 1015, 1021; *Matter of Einstoss,* 26 NY2d 181; *Bossert v Ford Motor Co.,* 140 AD2d 480, 481; *Wisdom v*

*Wisdom,* 111 AD2d 13). In the present case, "[t]here is no indication in the record that the personal representative [Thelma Pacetta] was served with the stipulation, that [she] endorsed it or that [she] authorized [Cosmo's] attorneys to act on [her] behalf" *(Bossert v Ford Motor Co., supra,* at 481). In the absence of a proper substitution of the estate as a party to the personal injury action, the subsequent judgment is a nullity *(Matter of Einstoss, supra; Bossert v Ford Motor Co., supra).*

Secondly, even if the money judgment had been properly entered against Thelma Pacetta as executrix of the estate of Cosmo Pacetta, this would not have resulted in a lien on the real property in question. "At common law, a judgment did not create a lien upon the real property of the judgment debtor" (6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5203.01, citing *Watson v New York Cent. R. R.,* 47 NY 157, 162; *Garczynski v Russell,* 75 Hun 497; *Hulbert v Hulbert,* 86 Misc 662, *affd* 165 App Div 858, *mod* 216 NY 430; *see also,* 9 Carmody-Wait 2d, NY Prac § 63:114). The circumstances under which such a lien on real property may arise are defined by statute (CPLR 5203). This statute unambiguously provides that no lien arises "when the judgment debtor is the personal representative of a decedent and the judgment was awarded * * * against him in his representative capacity" (CPLR 5203 [a] [6]). The Supreme Court properly applied this provision, noting that when a money judgment is entered against the personal representative of a decedent, the judgment creditor may seek satisfaction of the judgment out of the assets of the estate, the disposition of which is supervised by the Surrogate's Court, thus obviating any need for the additional security represented by a lien *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5203:5, at 107). Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.