*609 OPINION OF THE COURT
Francois A. Rivera, J.
Plaintiff moves for an order to appoint a temporary administrator for defendants decedents’ estates for the purpose of defending this action, and amending the caption to reflect such appointment; and for an order setting a schedule for outstanding discovery and allowing plaintiff leave to file a note of issue.
The underlying action is for personal injuries allegedly sustained by the plaintiff on April 1, 1999. Plaintiff commenced this action by filing and service of a summons and verified complaint, dated March 12, 2002. Issue was joined by service of a verified answer on or about March 16, 2004. Both defendant Junius Daughtry and defendant Sun Bock Whang are allegedly deceased. No death certificate has been submitted for either defendant.
Discussion
CPLR 1015 states:
“(a) . . . If a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties.
“(b) . . . Upon the death of one or more of the plaintiffs or defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or against the surviving defendants, the action does not abate. The death shall be noted on the record and the action shall proceed.”
CPLR 1021 states, in pertinent part:
“A motion for substitution may be made by the successors or representatives of a party or by any party ... If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate . . . [I]f the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent’s estate to show cause why the action or appeal should not be dismissed.”
*610 Pursuant to CPLR 1015, the death of a party stays the action pending the substitution of a legal representative, and the court is divested of jurisdiction to act rendering any determination made without such a substitution a nullity (CPLR 1015; Matter of Einstoss, 26 NY2d 181 [1970]; Hyman v Booth Mem. Hosp., 306 AD2d 438 [2003]). Although CPLR 1021 is an exception to this principle, the court must first obtain jurisdiction over the persons interested in the decedent’s estate by serving them as prescribed in CPLR article 3 (CPLR 1021; Macomber v Cipollina, 226 AD2d 435 [1996]; Topal v BFG Corp., 108 AD2d 849 [1985]).
Although the attorneys stipulate that defendants Daughtry and Whang are deceased, no party has submitted proof of death. Regardless, such stipulation by the attorneys is insufficient to obtain jurisdiction over the persons interested in the decedents’ estates (Macomber v Cipollina, 226 AD2d at 435).
“Just as the death of a principal ordinarily revokes the authority of the agent, so the death of a party to an action revokes the power of the attorney (CPLR 1015; see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1015:2; see also, Van Campen v. Bruns, 54 App Div 86, 89)” ('Wisdom v Wisdom, 111 AD2d 13, 14-15 [1st Dept 1985]).
In the instant matter, no persons interested in the decedents’ estates were provided any notice of the instant motion. Plaintiff’s motion is denied with leave to renew by order to show cause in accordance with CPLR 1021.