■ In the Matter of GRISELDA FORNIERI, Appellant, v. ANGELO FORNIERI, Respondent. — In a support proceeding pursuant to article 4 of the Family Court Act, the petitioner wife appeals from an order of the Family Court, Kings County, entered March 23, 1966, which directed her husband to pay $15 a week for her support. Order modified on the facts by increasing the amount of support to $30 per week. As so modified, order affirmed, with costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Petitioner's application for counsel fees is denied, with leave to renew in the Family Court pursuant to statute (Family Court Act, § 438). In our opinion, under all the circumstances, the payment of $15 a week on a means basis is inadequate. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.

■ In the Matter of FRANK J. HELLER et al., Appellants, v. RALPH K. ROGERS et al., Constituting the Board of Trustees of the Village of Scarsdale, Respondents. — In a proceeding under former Civil Practice Act, article 78, to review the determination of the respondent Board of Trustees of the Village of Scarsdale denying an application to rezone petitioners' property, petitioners appeal from an order of the Supreme Court, Westchester County, entered October 7, 1963, which dismissed the petition. Order, insofar as it relates to the petitioner, Catharine Heller, affirmed, with costs. Appeal, insofar as it relates to Frank J. Heller, held in abeyance pending further proceedings in accord with this memorandum. The resolution of the Board of Trustees refusing to rezone petitioners' property was a legislative act and may not be reviewed in an article 78 proceeding (*Matter of Paliotto* v. *Cohalan*, 8 N Y 2d 1065; *Matter of Pelham Jewish Center* v. *Board of Trustees of Vil. of Pelham Manor*, 6 A D 2d 710, app. dsmd. 4 N Y 2d 1033; *Matter of Iraci* v. *Harwood*, 6 A D 2d 815). Appellants' brief discloses that the petitioner, Frank J. Heller, is now deceased. The record does not disclose the manner of the ownership by the petitioners of the property in question. If all the rights survived to the petitioner, Catharine Heller, then the proceeding could proceed with a notation in the record of the death (CPLR 1015, subd. [b]). Otherwise, the appeal of Frank J. Heller may not proceed until an executor or administrator has been appointed for his estate and substituted as a party (*Goldbard* v. *Kirchik*, 20 A D 2d 725; *Speier* v. *St. Francis Church*, 3 A D 2d 732). We note that in this case such further appeal will again necessarily result in affirmance of the order. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.