■ JEAN SOLTES, Appellant, v 260 WAVERLY OWNERS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. RJM LAWN SERVICES OF L.I., INC., Third-Party Defendant. [840 NYS2d 412]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), entered March 16, 2006, as, in effect, granted the motion of the defendants and third-party plaintiffs for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

In February 2003, the plaintiff slipped and fell on a patch of ice as she exited the front door of premises owned by the defendant and third-party plaintiff, 260 Waverly Owners, Inc., and managed by the defendant and third-party plaintiff, Prestige Management (hereinafter collectively the defendants and third-party plaintiffs). The plaintiff testified at her deposition that earlier on the same day, she had noticed water dripping from an awning to the ground in front of the doorway and assumed that, after reaching the ground, the water froze, producing the hazardous condition. The plaintiff's theory of negligence was based on the premise that the awning regularly trapped snow and ice "and rather than redirecting the runoff, caused the melt to drip through and refreeze on the walking surface once the temperature drops to freezing."

After the plaintiff commenced this action, the defendants waited nearly two years before commencing a third-party action against RJM Lawn Services of L.I., Inc. (hereinafter RJM), which had been retained by 260 Waverly Owners, Inc., to perform snow removal services at the premises. More than 120 days after the plaintiff filed a note of issue and certificate of readiness, RJM moved, inter alia, for summary judgment dismissing the third-party complaint, and the defendants and third-party plaintiffs separately moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court dismissed the complaint and the third-party complaint.

The Supreme Court erred in awarding summary judgment to the defendants and third-party plaintiffs, as no good cause was

alleged for the extremely untimely filing of the motion for summary judgment dismissing the complaint (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Thompson v New York City Bd. of Educ.*, 10 AD3d 650, 651 [2004]). Miller, J.P., Ritter, Covello and Balkin, JJ., concur.