Carol L. Paterno, Respondent, v CYC, LLC, et al., Defendants, and Chazen Engineering & Land Surveying Co. et al., Appellants. [850 NYS2d 131]—

In an action, inter alia, to recover damages for injury to property, the defendants Chazen Engineering & Land Surveying Co., Chazen Environmental Services, Inc., and Enviroplan Associates, Inc., appeal from an order of the Supreme Court, Dutchess County (Sproat, J.), entered June 21, 2006, which denied their motion for summary judgment dismissing the sixth and tenth causes of action insofar as asserted against them.

Ordered that the order is affirmed, with costs.

This action was commenced by Michael J. Paterno and Carol L. Paterno. On July 9, 2005, during the pendency of this action, Michael J. Paterno died. On July 29, 2005 the plaintiff Carol L. Paterno (hereinafter the plaintiff) filed a note of issue. The plaintiff, however, did not move pursuant to CPLR 1021 to have a personal representative substituted for Michael J. Paterno until November 23, 2005. On December 20, 2005 the Supreme Court granted the motion for substitution. By notice of motion dated March 22, 2006, the defendants Chazen Engineering & Land Surveying Co., Chazen Environmental Services, Inc., and Enviroplan Associates, Inc. (hereinafter collectively Chazen), moved for summary judgment dismissing the sixth and tenth causes of action insofar as asserted against them. The plaintiff opposed the motion solely on the ground that it was untimely. The Supreme Court determined that the motion was timely and denied it on the merits.

Generally, where a cause of action survives the death of a party, such death divests the court of jurisdiction until a duly-appointed personal representative is substituted for the deceased party (see CPLR 1015; Giroux v Dunlop Tire Corp., 16 AD3d 1068, 1069 [2005]; Gonzalez v Ford Motor Co., 295 AD2d 474, 475 [2002]; Kelly v Methodist Hosp., 276 AD2d 672, 673 [2000]). However, where a party's demise does not affect the merits of the case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution (see Alaska Seaboard Partners Ltd. Partnership v Grant, 20 AD3d 436, 437 [2005]; Bova v Vinciguerra, 139 AD2d 797, 799

[1988]). Here, the death of Michael J. Paterno did not affect the merits of the case as his wife was the only other plaintiff, and had a clear identity of interest with her husband (*see Nieves v 331 E. 109th St. Corp.,* 112 AD2d 59, 60 [1985]). In addition, the plaintiff, as a tenant by the entirety with her husband, remained seized of the entire ownership interest in the subject property (*see Matter of Violi,* 65 NY2d 392, 395 [1985]; *Squiciarino v Squiciarino,* 35 AD3d 844, 845-846 [2006]; *Dominello v Dominello,* 120 AD2d 699, 700 [1986]). Where, as here, the cause of action survives as to the only other plaintiff, the action should have proceeded without a substitution and with the decedent's death merely noted on the record (*see* CPLR 1015 [b]; *Bova v Vinciguerra,* 139 AD2d at 797; *Nieves v 331 E. 109th St. Corp.,* 112 AD2d at 59; *Matter of Heller v Rogers,* 26 AD2d 640 [1966]).

Since the plaintiff's filing of the note of issue on July 29, 2005, after Michael J. Paterno's death, was not a nullity, Chazen's motion for summary judgment, which was not made until March 22, 2006, was untimely (*see* CPLR 3212 [a]). Accordingly, since Chazen did not seek leave of court nor offer good cause for the delay, the Supreme Court should have denied the motion as untimely without considering the merits (*see Brill v City of New York,* 2 NY3d 648, 652 [2004]; *Soltes v 260 Waverly Owners, Inc.,* 42 AD3d 565, 565-566 [2007]).

Chazen's remaining contentions need not be reached in light of our determination. Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.