■ MARY V. CARUANA, Respondent, et al., Plaintiff, v BHAVANSA PADMANABHA, M.D., Appellant. [909 NYS2d 607]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered June 25, 2009 in a medical malpractice action. The order granted the motion of plaintiff Mary V. Caruana to sever certain causes of action of the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed with costs.

Memorandum: Supreme Court properly granted the motion of Mary V. Caruana (plaintiff) to sever the medical malpractice cause of action from the derivative cause of action asserted by her husband, plaintiff Joseph Caruana (decedent), who died during the pendency of the action. Severance may be ordered "[i]n furtherance of convenience" as a matter of judicial discretion (CPLR 603), and the court's exercise of discretion "will not be disturbed absent [an] abuse of discretion or prejudice to a party's substantial rights" (*Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.,* 1 AD3d 744, 746 [2003]; *see Finning v Niagara Mohawk Power Corp.,* 281 AD2d 844 [2001]). Plaintiff, who is 86 years old, established that she will be prejudiced by any delay, and the court did not abuse its discretion in granting the motion to facilitate the disposition of the medical malpractice cause of action (*see Cross v Cross,* 112 AD2d 62, 64 [1985], *amended* 114 AD2d 824 [1985]; *Statewide Sav. & Loan Assn. v Sawyerkill Enters.,* 65 AD2d 887 [1978]). Contrary to defendant's contention, the court properly determined that, under the circumstances of this case, the medical malpractice cause of action could proceed without substitution of a personal representative for decedent (*see generally Paterno v CYC, LLC,* 46 AD3d 788 [2007]; *Bova v Vinciguerra,* 139 AD2d 797, 799 [1988]). "[W]here a party's demise does not affect the merits of the case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (*Paterno,* 46 AD3d at 788; *see DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd.,* 51 AD3d 857, 858 [2008]). Here,

the death of decedent did not affect the merits of the case inasmuch as "his wife was the only other plaintiff[ ] and had a clear identity of interest with [decedent]" (*Paterno*, 46 AD3d at 789). Present—Martoche, J.P., Centra, Carni, Lindley and Green, JJ.