L.D. v City of Yonkers (2024 NY Slip Op 50132(U))

[*1]

L.D. v City of Yonkers

2024 NY Slip Op 50132(U)

Decided on February 9, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 9, 2024
Supreme Court, Westchester County

L.D. INFANT BY MOTHER AND NATURAL GUARDIAN 
 STEPHANIE OLIVIERI and STEPHANIE OLIVIERI individually, Plaintiffs,

against
City of Yonkers and YONKERS BOARD OF EDUCATION, Defendants.

Index No. 53545/2018

Attorney for L.D. Infant Plaintiff: 
Thomas P. Markovits, Esq.
Mirman Markovits & Landau, PC 
291 Broadway - 6th Floor 
New York, NY 10007 
(212) 227-4000
Attorney for Defendants:
Alexandra R. Bisesi, Esq. 
Corporation Counsel
40 South Broadway, Room 300 
Yonkers, New York 10701 
(914) 377-6260

William J. Giacomo, J.

In this underlying action to recover damages for personal injuries, attorneys for the infant plaintiff move for an order, pursuant to CPLR 1015, substituting the father of the infant plaintiff in place and instead of the mother Stephanie Olivieri, and lifting the stay of this action (motion [*2]sequence 002). Pursuant to motion sequence 003, defendants cross-move, pursuant to CPLR 1021, for an order dismissing plaintiffs' complaint in its entirety, with prejudice, for failure to timely move for substitution. 
Papers Considered                                  NYSCEF Doc. No. 39-65
1. Notice of Motion/Affirmation of Thomas P. Markovits, Esq./Exhibits 1-3
2. Notice of Cross Motion/ Affirmation of Alexandra R. Bisesi, Esq. in Opposition to Motion and in Support of Cross Motion/ Exhibits A-C
3. Affirmation of Thomas P. Markovits, Esq. in Opposition and in Further Support/ Exhibits A-I
4. Affirmation of Alexandra R. Bisesi, Esq. in Reply/Exhibit A
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiffs commenced this action with the filing of a summons and complaint dated March 13, 2018. In brief, the complaint alleges that on October 6, 2017, infant plaintiff L.D. was injured at the Yonkers Public School Montessori due to defendants' negligent supervision. L.D.'s mother, Stephanie Olivieri, brought a derivative cause of action for loss of services. Plaintiffs filed a notice of claim and both L.D. and Olivieri were deposed for the hearing pursuant to General Municipal Law § 50-h 50 and for this action. The note of issue was filed on August 23, 2019. Olivieri passed away on August 25, 2019 and the case was thereafter stayed. Plaintiff now moves to substitute L.D.'s father in place of the deceased plaintiff and requests for the stay to be lifted. L.D.'s father, S.D., provided an affidavit where he states that he is L.D.'s father. S.D. affirms that Olivieri passed away in 2019. At that time, L.D. had been living with her in Massachusetts. S.D. states that since Olivieri died, L.D. has been continuously living with him in the Bronx. S.D. affirms that he was unaware of the pending lawsuit until last April, after plaintiffs' attorneys reached out to him. He continues that he has since retained them as counsel and seeks to be substituted into the lawsuit as the guardian and father of the infant in place of Olivieri, who is deceased. 
Defendants oppose plaintiff's motion and cross-move to dismiss plaintiffs' complaint for failure to timely move for substitution. At the outset, defendants state that plaintiffs have made no attempt to substitute a representative on behalf of Olivieri's Estate in order to pursue the derivative claim. As a result, the Court may not lift the stay. 
Defendants argue that the action must be dismissed with prejudice pursuant to CPLR 1021. Olivieri passed away on August 25, 2019. An in-person status conference was scheduled for June 13, 2023, however plaintiffs did not appear. A dismissal notice was issued, advising the plaintiffs that if they did not appear for the in-person status conference on September 14, 2023, the case would be dismissed. Plaintiffs then moved pursuant to CPLR 1015 to substitute S.D.. Defendants oppose this motion, alleging that there is no documentation showing that he is L.D.'s father or that he has legal custody of L.D. In addition, plaintiffs allegedly fail to provide a sufficient explanation for why plaintiffs waited four years to come forward. For instance, plaintiffs' counsel purportedly fails to give information as to what due diligence was conducted to find S.D. As another example, although S.D. was contacted in April 2023, plaintiffs did not appear at the June 13, 2023 conference. Defendants also argue that plaintiffs failed to submit an affidavit of merit because neither S.D. nor counsel have personal knowledge of the facts of the case. Finally, according to defendants, plaintiffs have failed to demonstrate that defendants would not be prejudiced by the delay in making the substitution application. 
In opposition to defendants' cross motion, plaintiff clarifies that the infant plaintiff is not moving to substitute S.D. in for the Estate of Olivieri. Plaintiff is only moving to substitute in a guardian for the child's cause of action and to lift the stay. Plaintiffs agree that Olivieri's derivative cause of action should be discontinued or dismissed as she is deceased and no administrator or executor has been appointed for her in New York or in Massachusetts. Plaintiffs state that they are only requesting for S.D. to be substituted as the guardian so that he can prosecute the infant's case on the infant's behalf. 
Plaintiff provides L.D.'s birth certificate which documents that S.D. is L.D.'s father. Plaintiff maintains that there is no prejudice to the defendants because discovery had already taken place prior to Olivieri's death; the parties provided testimony, an IME was performed and a note of issue was filed. Plaintiff notes that the deposition transcripts can serve as an affidavit of merit as they were certified and set forth a meritorious claim. With respect to the delay, Counsel responds that they could not act any earlier as S.D. did not retain them until September 5, 2023. Counsel states that, after Olivieri died, L.D.'s grandmother reached out to counsel and stated that she would provide a death certificate. Counsel continues that he did not hear from the grandmother, mail sent to the mother's former addresses was returned and that he was unaware of the father's or child's whereabouts. In relevant part, over two years passed before counsel located another address for the grandmother and contacted her again. Counsel states that he took all steps that he was able to in order to locate L.D.'s parent. 

 DISCUSSION
It is well settled that the death of a party stays the action as to him or her pending the substitution of a legal representative, and any determination rendered without such a substitution is generally deemed a nullity." Hicks v Jeffrey, 304 AD2d 618, 618 (2d Dept 2003); See CPLR 1015. However, pursuant to CPLR 1021, "[a] motion for substitution may be made by the successors or representatives of a party or by any party." An action may be dismissed as to the party for whom substitution should have been made if substitution is not made within a reasonable time. See CPLR 1021. "The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit." Howlader v Lucky Star Grocery, Inc., 153 AD3d 610, 610-611 (2d Dept 2017) (internal quotation marks omitted).
Here, defendants move pursuant to CPLR 1021 to dismiss the action based upon the plaintiffs' failure to make a timely substitution of a guardian on behalf of the infant L.D. and failure to make a substitution for a representative on behalf of the Estate to address the derivative claim. As detailed above, this action was commenced in 2018. Olivieri passed away on August 25, 2019 and the case has since been stayed. 
The Court is cognizant of the long delay with respect to substituting the infant's father in place of the mother. Nonetheless, under the circumstances, due to the "strong public policy that matters should be disposed of on the merits," defendants' cross motion to dismiss the infant plaintiff's complaint is denied. White v Diallo, 156 AD3d 664, 665 (2d Dept 2017). Here, defendants' claim of prejudice is unpersuasive; the note of issue was filed prior to Olivieri's death, and certified deposition transcripts are sufficient to show a meritorious claim. See Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d 754, 757 (2d Dept 2023) (internal quotation marks and citations omitted) ("Here, the approximately four-year delay in obtaining letters of administration followed by an approximately one-year delay in moving for substitution shows a [*3]lack of diligence. However, even if the explanation for the delay is not satisfactory, the court may still grant the motion for substitution if there is no showing of prejudice and there is potential merit to the action, in light of the strong public policy in favor of disposing of matters on the merits"); see also Allstate Ins. Co. v Hayes, 17 AD3d 669, 671 (2d Dept 2005) ("the transcript of the appellant's deposition, taken by counsel for Allstate, together with his previously sworn-to notice of claim, sufficiently showed the existence of a meritorious claim"). 
With respect to the deceased plaintiff, it is well settled that "a motion to dismiss pursuant to CPLR 1021 requires that notice be provided to persons interested in the decedent's estate." Feurtado v Randy Page, 63 AD3d 926, 927 (2d Dept 2018). Here, although defendants moved pursuant to CPLR 1021 to dismiss the complaint, it does not appear that anyone other than plaintiff's counsel was served with the motion papers. However, "[t]he death of a party terminates his or her attorney's authority to act on behalf of the deceased party." Vicari v Kleinwaks, 157 AD3d 975, 976 (2d Dept 2018). Defendants "not only failed to provide notice of the cross motion to dismiss the action to persons interested in the decedent['s] estates, [they] also failed to offer evidence of any reasonable efforts to attempt to provide such notice." Id.Accordingly, plaintiff's motion to substitute the infant's father in place of the deceased mother as the guardian for the infant is granted. Defendants' cross motion to dismiss the complaint against the infant plaintiff's mother is denied, with leave to renew, upon serving "persons interested" in the decedent's estate. 
Nonetheless the stay remains in effect at this time. "Generally, where a cause of action survives the death of a party, such death divests the court of jurisdiction until a duly-appointed personal representative is substituted for the deceased party." Paterno v CYC, LLC, 46 AD3d 788, 788 (2d Dept 2007). As noted, the decedent's death triggered a stay of all proceedings in the action pending substitution of a legal representative. 
The Court is aware that the decedent's claims are derivative in nature and appear to be reliant on plaintiff's claim. Where a party's demise does not affect the merits of the case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution. Id.; see CPLR 1015 (b). If it is the case that the death of defendant Stephanie Olivieri does not affect the merits of the case, the Court must be provided proof to establish that. See e.g. Paterno v CYC, LLC, 46 AD3d at 789 (internal citation omitted) ("Here, the death of Michael J. Paterno did not affect the merits of the case as his wife was the only other plaintiff, and had a clear identity of interest with her husband. In addition, the plaintiff, as a tenant by the entirety with her husband, remained seized of the entire ownership interest in the subject property"); see also See Caruana v Padmanabha, 77 AD3d 1307, 1307-1308 (4th Dept 2010) (severance of deceased 'derivative claim appropriate where, among other reasons, the "death of decedent did not affect the merits of the case inasmuch as 'his wife was the only other plaintiff[] and had a clear identity of interest with [decedent]'"). 
Accordingly, it is hereby
ORDERED that plaintiff's motion pursuant to CPLR 1015 is granted to the extent of substituting S.D., as the father of the infant plaintiff L.D. in place and instead of the mother Stephanie Olivieri as the parent of the plaintiff in this matter (motion sequence 002); and it is further
ORDERED that the Clerk of this court is directed to conform the caption to read as follows:
-------------------------------------------------------------x
L.D. INFANT BY FATHER AND NATURAL 
GUARDIAN S.J.D. and STEPHANIE OLIVIERI INDIVIDUALLY,                                                                        Index No. 53545/2018

Plaintiffs,
- against -
CITY OF YONKERS and YONKERS BOARD OF EDUCATION,   
Defendants.
-------------------------------------------------------------x
And it is further
ORDERED that defendants' cross motion to dismiss the complaint for failure to seek a timely substitution is denied; and it is further 
ORDERED that the action is stayed until such time as a substitution is made for
plaintiff Stephanie Olivieri or there is a showing that the death of plaintiff Stephanie Olivieri does not affect the merits of this case pursuant to CPLR 1015(b). 
Dated: February 9, 2024
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.