**JP Morgan Chase Bank, N.A. v Koppel**

2025 NY Slip Op 30355(U)

January 28, 2025

Supreme Court, Kings County

Docket Number: Index No. 13874/2009

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP1 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at 360 Adams Street, Brooklyn, New York,
on the _____ day of January, 2025.

P R E S E N T :

HON. CENCERIA P. EDWARDS, CPA,

                              Justice.
--------------------------------------------------------------------------X
JP Morgan Chase Bank, National Association, as
purchaser of the loans and other assets of
Washington Mutual Bank, formerly known as
Washington Mutual Bank, FA,

                              Plaintiff(s),

            -against-

Kenneth I. Koppel, as Administrator of the Estate of
Herbert J. Koppel, deceased; Koppel Family Trust;
Nechama Koppel, as Trustee of Herbert J. Koppel, et
al.,

                              Defendant(s).
--------------------------------------------------------------------------X

**ORDER**

Motion Calendar: 7/31/2024
Motion Cal. #(s):      7

Index #:         13874/2009
Mot. Seq. #(s):        5

The following e-filed papers read herein:                    NYSCEF Doc. Nos.:

Notice of Motion, Affidavits (Affirmations), and Exhibits _____         ____14-47_____
Opposing Affidavits (Affirmations) and Exhibits _____         ____48-53_____
Reply Affidavits (Affirmations) and Exhibits _____         ____54-58_____

On June 4, 2009, this action was commenced to foreclose on a mortgage encumbering the real property known as 923 East 29th Street, Brooklyn, NY. On January 30, 2014, Plaintiff filed its second motion for a default judgment and an order of reference ("OREF") against all defendants (motion sequence ["mot. seq."] #2). On May 1, 2014, the Koppel defendants[1] filed a cross-motion seeking, *inter alia*, to vacate their default and/or dismiss the complaint on the ground of lack of personal jurisdiction (mot. seq. #3). By order dated February 14, 2022, the

---

[1] The "Koppel defendants" previously consisted of mortgagor Herbert J. Koppel ("the decedent"), who died on May 26, 2014, the Herbert J. Koppel Family Trust, and Nechama Koppel, as the decedent's Trustee. By orders dated January 3, 2019 and September 2, 2019 (Sweeney, J.), the caption was amended to substitute Kenneth J. Koppel, as Administrator of the decedent's estate, for the decedent and changed the trust's name to the "Koppel Family Trust."

[* 1]

Court (Peter P. Sweeney, J), granted the cross-motion to the extent of directing a traverse hearing on the issue of whether the Koppel defendants had been properly served, and held the remainder of the motions in abeyance pending the outcome of the hearing (*see* NYSCEF Doc. #s 9-10).

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST ("U.S. Bank"), Plaintiff's successor-in-interest, now moves for an order: granting additional time to serve process upon the Koppel defendants pursuant to CPLR § 306-b; deeming the traverse hearing moot; permitting service via delivery to the Koppel defendants' attorney; and amending the caption to list U.S. Bank as the named plaintiff. The Koppel defendants oppose the motion.

At the outset, the branch of U.S. Bank's motion seeking to deem the traverse hearing moot is denied. It is noted that due to the residual delays caused by the COVID-19 pandemic, the traverse hearing was not completed, and the Referee's report was not filed, until July 17, 2024 (*see* NYSCEF Doc. #87). However, since that was two weeks before the instant motion was fully submitted, deeming the traverse hearing moot would serve no purpose at this belated juncture. Moreover, the undersigned sits on a Court of coordinate jurisdiction and therefore cannot simply nullify Justice Sweeney's order, particularly since U.S. Bank has not proffered a compelling reason. In any event, the Referee found that service on the Koppel defendants was improper (*see id.*). Although, to date, no party has moved to confirm or reject the report (*see* CPLR 4403; *Citimortgage v Stuckova*, 199 AD3d 984, 985 [2d Dept 2021]), since the matter of an extension under CPLR § 306-b has now "become relevant," the Court shall address the primary relief sought on this motion now, in the interest of judicial economy (*see Wilbyfont v NY Presbyt. Hosp.*, 131 AD3d 605, 606 [2d Dept 2015] [remitting for a traverse hearing while also denying a plaintiff's motion for an extension of time to serve the defendant]).

"If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR § 306-b). "[T]hese are two distinct standards," and "while 'good cause' requires a showing of reasonable diligence, 'the interest of justice' has a broader scope, which can encompass late service due to 'mistake, confusion or oversight, so long as there is no prejudice to the defendant'" (*Matter of Baumann & Sons Buses, Inc. v. Ossining Union Free Sch. Dist.*, 121 AD3d 1110, 1113 [2d Dept 2014], quoting *Leader v. Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]). Relevant factors include: (1) diligence; (2) expiration of the Statute of Limitations; (3) the length of delay in

2

[* 2]

service; and (4) prejudice to the defendant (*see Wells Fargo Bank, Nat'l Ass'n v Boakye-Yiadom*, 213 AD3d 976, 978 [2nd Dept. 2023]), and "[n]o one factor is determinative" (*HSBC Bank USA, N.A. v Labin*, 232 AD3d 861 [2d Dept 2024] [internal quotation marks omitted]).  Movant U.S. Bank insists that it is entitled to an extension under either standard.

U.S. Bank argues that Plaintiff was diligent from the beginning because the challenged service was promptly made, thus, evincing good cause.  Indeed, the record shows that on June 5, 2009, Plaintiff's process server purportedly delivered the papers for the decedent and Nechama Koppel to a person of suitable age and discretion at their shared residence, mailed copies of the papers to the same address on June 11, 2009, and the affidavits of service were filed on June 12, 2009, making service complete on June 22, 2009 (*see* CPLR § 308 [2]).  This was well within 120 days of this action's commencement on June 4, 2009.  However, the Referee has since concluded that this service was improper, and "an attempt at service that later proves defective cannot be the basis for a 'good cause' extension of time to serve process pursuant to CPLR 306-b" (*Estate of Fernandez v Wyckoff Hgts. Med. Ctr.*, 162 AD3d 742, 743 [2d Dept 2018]).

Movant U.S. Bank argues an extension of time to serve is warranted under the interest of justice standard for several reasons, the first of which is that its cause of action is meritorious (*see* NYSCEF Doc. #15 [Memo. Of Law in Support of Mot. Seq. #5], pp. 7-8).  However, U.S. Bank's attorney asserts this in a conclusory manner without articulating a supporting legal argument, as counsel does not cite to, nor even mention, any evidence indicative of potential merit.  Moreover, the complaint is not verified, and all factual allegations therein are made upon information and belief of Plaintiff's former attorneys.  Nonetheless, Plaintiff's motion for default judgment and OREF, in mot. seq. #2, contains an affidavit of merit (*see PNC Bank, N.A. v Sarfaty*, 225 AD3d 721, 723 [2d Dept 2024] [finding that a plaintiff "submitted evidence of a potentially meritorious cause of action via incorporation by reference of its prior summary judgment motion, which included an affidavit of merit"]).  However, the Koppel defendants raise serious arguments about the probative value and admissibility of that affidavit.  The Court, thus, finds that this factor is evenly split between granting and denying an extension.

Next, U.S. Bank argues that an extension is warranted "because of the effort expended, and the amount of time that has elapsed, since this action was commenced" (*see* NYSCEF Doc. #15 [Memo. Of Law in Support of Mot. Seq. #5], pp. 7-8).  Relatedly, U.S. Bank explains that it made the instant motion "in an abundance of caution, as further evidence of its continued

3

diligence in the prosecution of this action" (*see* NYSCEF Doc. #16 [Attorney's Affirmation in Support of Mot. Seq. #5], ¶3). This Court cannot agree with U.S Bank's characterization. To the contrary, the history of this nearly 16-year-old action illustrates such an extreme lack of diligence that it outweighs all other factors, requiring denial of this motion.

Since the challenged service on the decedent and Nechama Koppel was completed on June 22, 2009, their answers would have been due by July 22, 2009 (*see* CPLR 320 [a]; § 3012 [c]). According to the procedural history proffered by U.S. Bank, Plaintiff filed its first motion for default judgment and OREF in January 2010 (mot. seq. #1) but withdrew it six days later (*see* NYSCEF Doc. 16, ¶¶ 15-16).[2] U.S. Bank acknowledges that this case lay dormant for four years until Plaintiff made the second such motion in January 2014 (mot. seq. #2), prompting the Koppel defendants' cross-motion two months later (mot. seq. #3). The decedent died on May 26, 2014, the Koppel defendants' counsel filed notice on June 9, 2014, and defendant Kenneth I. Koppel was appointed administrator of the decedent's estate in December 2014. Over a year later, in January 2016, Plaintiff and the Koppel defendants executed a stipulation to substitute the estate administrator for the decedent, but the stipulation was not so-ordered until January 2019, and the Court did not lift all stays in this case until September 2019. Argument on mot. seq. # 2 and #3 was scheduled for January 2020 but was adjourned twice in the weeks before the COVID-19 pandemic caused court closures and foreclosure moratoria. The motions were submitted in August 2020, and Justice Sweeney ordered the traverse hearing in February 2022.

While Plaintiff and U.S. Bank cannot be faulted for the delays caused by the pandemic, U.S. Bank proffers no explanations for the several preceding years of delays (*see Pierre v Grueso*, 219 AD3d 1535, 1536 [2d Dept 2023] [interest of justice extension denied where, *inter alia*, the plaintiff "failed to offer any excuse for her delay in making a motion to extend the time for service for approximately 10 months before the COVID-19 pandemic began"]). These include the 4-year period between Plaintiff's first and second motions for a default judgment and OREF, and the more than four-year period between the appointment of an administrator for the decedent's estate and effectuating the substitution. Moreover, despite having known of the challenge to service on the decedent and Nechama Koppel since the May 1, 2014 filing of the

---

[2] The Koppel defendants' argument for dismissal as abandoned pursuant to CPLR § 3215 (c), thus, lacks merit (*see Deutsche Bank Natl. Trust Co. v Hasan*, 188 AD3d 649, 650 [2d Dept 2020] [default judgment need not be obtained within a year of default; a plaintiff must merely take proceedings for same, and a withdrawn motion qualifies]).

Koppel defendant's cross-motion, U.S. Bank did not make the instant motion until eight years later, in April 2022, and this was two months **after** Justice Sweeney ordered the traverse hearing (*see US Bank N.A. v Fink*, 206 AD3d 858, 861 [2d Dept 2022] [interest of justice extension denied; unexplained 7½-year delay in moving for relief, including additional eight months after prior motion was denied]; *cf. Moundrakis v Dellis*, 96 AD3d 1026, 1027 [2d Dept 2012] [extension granted where, *inter alia*, "the plaintiff moved promptly for an extension after the defendant challenged the service on the ground that it was defective"]).

While the decedent's death may have contributed to some extent, the Court does not find this to be a reasonable excuse due to the sheer breadth of the delays. The decedent's death on May 26, 2014 automatically stayed the case as to him (*see* CPLR § 1015; *Paterno v CYC, LLC*, 46 AD3d 788, 788 [2d Dept 2007]; *Kelly v Methodist Hosp.*, 276 AD2d 672, 673 [2d Dept 2000]), but this did not stay the case as to Nechama Koppel or the trust, which has been the title owner of the mortgaged premises since 2008. Additionally, U.S. Bank can only fairly attribute seven months of delay to the decedent's death since an administrator was appointed in December 2014. As noted above, U.S. Bank does not explain the four years of inactivity that followed.

U.S. Bank contends that the Koppel defendants will not be prejudiced because they have "never disputed" that the underlying mortgage loan is in default and if the Court grants the motion, they will have the opportunity to serve an answer and defend against the action on the merits. Notwithstanding that granting an extension of time always results in such an opportunity, U.S. Bank ignores that an inference of substantial prejudice arises from protracted delays (*see e.g. Pierre v Grueso*, 219 AD3d at 1536; *US Bank N.A. v Fink*, 206 AD3d at 861; *BAC Home Loans Servicing, L.P. v Rogener*, 171 AD3d 996, 999 [2d Dept 2019]; *Wells Fargo Bank, NA v Barrella*, 166 AD3d 711, 714 [2d Dept 2018], *lv denied* 33 NY3d 908 [2019]). The Koppel defendants argue the delays have prejudiced them, particularly, the January 2010 through January 2014 period between Plaintiff's first and second motions for default judgment and OREF, because the decedent died shortly thereafter, which deprives them of his testimony regarding the alleged default and service of the predicate notices that occurred in 2009, noting that they have raised these issues as potential defenses. U.S. Bank responds that such defenses are available only to the borrower, and none of the surviving Koppel defendants are the borrower on the subject loan (*see* NYSCEF Doc. #54 [Reply Memo. Of Law], p. 10). This seems to exemplify, rather than negate the claimed prejudice because here, the borrower happens to be the

5

decedent, who was alive during that entire 4-year period. In any event, the inference of substantial prejudice can be rebutted with evidence tending to show that a defendant had actual notice within the 120-day service period (*see Pierre v Grueso*, 219 AD3d at 1536). As U.S. Bank has proffered no such evidence, it has failed to rebut the inference.

U.S. Bank also argues that the interest of justice favors granting an extension because its claims may otherwise be time-barred. Plaintiff was alerted to the service defect by the Koppel defendants' cross-motion filed on May 1, 2014, more than a year before the statute of limitations expired on June 4, 2015, and yet the instant motion was not made until April 2022. In contrast, that cross-motion was made promptly in response to Plaintiff's second motion for default judgment and OREF, which was made after the first of two unexplained four-year gaps. Hence, while expiration of the statute of limitations is "a factor that usually would weigh in the plaintiff's favor, the record demonstrates that the lengthy delay in this action was attributable to the plaintiff's overall extreme lack of diligence" (*US Bank N.A. v Fink*, 206 AD3d at 861).

In conclusion, the Court finds that U.S. Bank has not demonstrated that it is entitled to an extension of time to serve process on the Koppel defendants. However, the caption shall be amended to reflect U.S. Bank's status as Plaintiff's successor-in-interest. Mot. Seq. #2 and #3 shall remain held in abeyance until a motion is made to confirm or reject the Referee's report.

Accordingly, the above-referenced motion by U.S. Bank (mot. seq. #5) is **GRANTED solely to the extent** that it is hereby:

**ORDERED**, that the Clerk shall amend the caption to substitute movant U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST as the named plaintiff, and **mot. seq. #5 is otherwise DENIED**.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R,**

**Dated**: January _28___, 2025

_____
**Hon. Cenceria P. Edwards, JSC, CPA**

6

[* 6]