Knopf v Esposito (2025 NY Slip Op 51487(U))

[*1]

Knopf v Esposito

2025 NY Slip Op 51487(U)

Decided on September 19, 2025

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 19, 2025
Supreme Court, New York County

Michael Knopf and NORMA KNOPF, Plaintiffs,

against
Frank M. Esposito, DORSEY & WHITNEY, LLP, NATHANIEL H. AKERMAN, and EDWARD S. FELDMAN, Defendants.

Index No. 150315/2019

Berry Law PLLC, New York, NY (Eric W. Berry of counsel), for plaintiffs.
Morvillo Abramowitz Grand Iason & Anello P.C., New York, NY (Edward M. Spiro of counsel), for defendants Dorsey & Whitney LLP and Nathaniel H. Akerman.
Edward S. Feldman, Esq., Englewood, NJ, defendant pro se.

Gerald Lebovits, J.

In January 2019, plaintiffs Michael Knopf and Norma Knopf brought this action under Judiciary Law § 487 against several attorneys, defendants Frank M. Esposito, Nathaniel H. Akerman, and Edward S. Feldman, and the law firm of Dorsey & Whitney, LLP, at which Akerman was then a partner.[FN1]
Plaintiffs have alleged that defendants were complicit in furthering, and lying to conceal, corruption of a former Appellate Division, First Department, special master, in connection with separate contract litigation between plaintiffs and nonparty Michael H. Sanford.
This court denied in part defendants' motions to dismiss in March 2021. Defendants' appeals, and plaintiffs' cross-appeal, from that order, remain pending in the Appellate Division, Second Department (after transfer from the First Department). During the pendency of the appeal, discovery has been completed, and dispositive motions fully briefed. Plaintiffs' motion for summary judgment was calendared for oral argument on September 11, 2025. On September 3, 2025, the Second Department, on its own motion, directed the parties to show cause why the appeals/cross-appeal should not be dismissed, and this court's underlying orders vacated, on the basis that the action was not stayed, and plaintiff Michael Knopf not substituted, after his death in January 2021.
After the parties notified this court of the Second Department's show-cause order, defendants Akerman and Dorsey & Whitney suggested in a letter that oral argument be left in abeyance indefinitely, pending the Second Department's resolution of that order. The scheduled September 11 oral argument did not occur because of the illness of a party. The question now becomes whether this court should adjourn oral argument indefinitely, going forward.
This court concludes that oral argument need not, and should not, be left in abeyance. In the unusual circumstances presented here, the action has properly proceeded without substitution of an estate representative in place of Michael Knopf. Because Michael Knopf and his widow, Norma Knopf, are asserting identical claims for identical relief, plaintiffs have an identity of interest, and Michael Knopf's death will not affect the merits of the action. Additionally, defendants' litigation conduct has waived any objection that they might raise to proceeding absent a stay and substitution. But to the extent that concern exists about whether the action was required to have been stayed, the court addresses that concern by appointing Norma Knopf as temporary administrator of Michael Knopf's estate (pending her formal appointment as estate executor), and retroactively substituting her in that representative capacity.
BACKGROUND
I. Plaintiff's Allegations of Corrupt Acts by Defendants
Plaintiffs were previously engaged in long-running litigation against Michael Sanford over loans that plaintiffs made to Sanford that he failed to repay. Defendants represented Sanford in different capacities during that litigation. Plaintiffs have alleged in this action that in 2015, defendants wrongly assisted Sanford to evade a court order issued by a justice of the Appellate Division, First Department, escrowing proceeds from the sale of a luxury penthouse apartment owned by one of Sanford's companies. Getting out from under that escrow order, plaintiffs say, enabled Sanford to dissipate those sale proceeds to avoid enforcement of a multi-million-dollar judgment that the Knopfs were about to obtain against him.
In particular, plaintiffs allege, Sanford paid a $55,000 bribe to Esposito. Esposito's wife, Melissa Ringel, was then a First Department special master. This bribe served to procure Ringel's inaccurate statement to Akerman and Feldman—in an improper ex parte telephone call—that the First Department escrow order about the apartment-sale proceeds was no longer in effect. Obtaining this statement, plaintiffs have alleged, was necessary to ensure that Sanford's buyer for the apartment would close on the sale.
Plaintiffs have further alleged that Esposito, Akerman, and Feldman lied in state-court and related federal-court proceedings about the circumstances of the corrupt ex parte phone call to cover up their wrongdoing. Those lies, plaintiffs contend, deceived a federal district judge into dismissing claims plaintiffs had brought against defendants related to the call—and even to sanction plaintiffs and their counsel for (supposedly) asserting frivolous claims.[FN2]

Plaintiffs' allegations against the Knopfs also brought about an investigation conducted by the Office of Court Administration (OCA). Following this investigation, OCA's deputy [*2]inspector general determined in a formal report in 2018 that the call between Ringel and Akerman and Feldman was an improper ex parte conversation; that Ringel had not been candid with court executives (or OCA investigators) about the circumstances of that call; and that Ringel's "involvement in this matter is extremely troubling and at the very least created an appearance of impropriety and reflects poorly on the impartiality of the court." (NYSCEF No. 51 at 19-20.)
In 2021, the District Attorney for New York County indicted Ringel in Supreme Court, New York County, on one count of the misdemeanor offense of official misconduct. (See People v Ringel, Indictment No. 1237/2021 [Sup Ct, NY County].) Following a jury trial held in 2024, after deliberations lasting less than an hour, Ringel was found guilty. (See NYSCEF No. 1259 at Tr. 616-619 [transcript of proceedings in People v Ringel].)
II. This Action
Plaintiffs brought the current action in January 2019, asserting 10 causes of action. Akerman/Dorsey, Esposito, and Feldman each separately moved to dismiss under CPLR 3211. In March 2021, this court issued a lengthy decision granting in part and denying in part the motions to dismiss. (See Knopf v Esposito, 2021 NY Slip Op 50250[U] [Sup Ct, NY County 2021].) Defendants separately noticed appeals; plaintiffs noticed a cross-appeal.
1. Initial proceedings on appeal from this court's order resolving the motions to dismiss
Defendants' appeals, and plaintiffs' cross-appeal, were timely perfected before the First Department in October 2021. (See generally Knopf v Esposito, Dkt. No. 2021-00920 [1st Dept].) On plaintiffs' motion (and over defendants' objections), the First Department ordered in November 2021 that these appeals and cross-appeal be transferred to the Appellate Division, Second Department. (See Knopf, Dkt. No. 2021-00920, NYSCEF No. 36, reproduced at Knopf v Esposito, 2021 NY Slip Op 74689[U] [1st Dept 2021].)
In February 2022, the Second Department denied Akerman/Dorsey's motion for a calendar preference but directed that the appeals/cross-appeal be calendared and argued or submitted together. (See Knopf v Esposito, 2022 NY Slip Op 61704[U] [2d Dept 2022].[FN3]
) To this court's knowledge, oral argument on the appeals/cross-appeal has not yet been calendared.
2. Proceedings in this court following the order resolving the motions to dismiss
In early April 2021, a month after this court's resolution of the motions to dismiss, plaintiffs' counsel filed a letter notifying the court that plaintiff Michael Knopf had died in January 2021. (See NYSCEF No. 330 at 1.) Counsel's letter also stated that plaintiff Norma Knopf, named as the executor in Michael Knopf's will, had commenced a South Carolina [*3]probate proceeding.[FN4]
(See NYSCEF No. 330 at 1; see also NYSCEF No. 332 at 3 ¶ 11 [pdf pagination] [excerpts of Michael Knopf's will].) Counsel contended, though, citing a decision of the Appellate Division, Second Department, that because Norma Knopf's claims in this action were seeking to vindicate the same rights as Michael Knopf's, it was not necessary to stay the action pending appointment of Norma as Michael's personal representative and her substitution into the action in that capacity. (See id. at 2, citing Paterno v CYC, LLC, 46 AD3d 788 [2d Dept 2007].)
Neither Esposito nor Feldman filed letters in response to plaintiffs' counsel's submission. Akerman/Dorsey did file a responsive letter. That letter did not endorse plaintiff's position; but it did not contend that the court was required to stay the action pending substitution of a duly appointed personal representative, either. (See NYSCEF No. 336.) To the contrary, only a week after Akerman/Dorsey filed their responsive letter, they attempted to bring on by order to show cause a motion to disqualify plaintiffs' counsel—showing that Akerman/Dorsey believed that proceedings could properly continue (and this court could properly issue orders) absent substitution.[FN5]
(See NYSCEF No. 340 [submitted April 22, 2021].) Akerman/Dorsey also did not argue to the First Department that in light of Michael Knopf's death, the parties' appeals from this court's March 2021 order on the CPLR 3211 motions should be dismissed (and that order vacated).
This court accepted plaintiffs' position that a stay pending substitution was not required. Discovery—and extensive associated motion practice—then ensued for the better part of two years. (See e.g. NYSCEF Nos. 909-914 [October 2022 decision and order resolving six discovery motions], reproduced at Knopf v Esposito, 2022 NY Slip Op 50974[U] [Sup Ct, NY County 2022].) Plaintiffs filed their note of issue in April 2023. (See NYSCEF No. 929.)
Plaintiffs then brought a motion for summary judgment on their claims (see NYSCEF No. 933 [notice of motion, mot seq 019]); and for a trial preference on the ground that Norma Knopf was (then) 77 years old (see NYSCEF No. 930 [notice of motion, mot seq 017]). Counsel for plaintiffs, Eric W. Berry, Esq., moved for summary judgment dismissing a third-party claim that Feldman had brought against him personally. (See NYSCEF No. 1097 [notice of motion, [*4]mot seq 021].) Akerman/Dorsey timely moved to vacate plaintiffs' note of issue. (NYSCEF No. 1071 [notice of motion, mot seq 017].) And Esposito moved for a stay of the action pending resolution of the related criminal prosecution brought by the Manhattan District Attorney. (See NYSCEF No. 1134 [notice of motion, mot seq 020].)
This court informally stayed its consideration of these motions for nearly two years; first due to the pending criminal action, and then to accommodate extensive negotiations between plaintiffs and Esposito to settle plaintiffs' state and federal claims against him. In the summer of 2025, this court granted plaintiffs' motion for a trial preference (see NYSCEF No. 1262), denied Esposito's stay motion as academic given the settlement (see NYSCEF No. 1263), and denied Akerman/Dorsey's motion to vacate the note of issue as academic because the outstanding discovery at issue in that motion had since been produced (see NYSCEF No. 1264).
This court also scheduled oral argument on the pending summary-judgment motions, initially for August 20, 2025, and then adjourned until September 11, 2025. Argument did not go forward as planned on September 11: One of the parties could not appear due to a medical issue. This court has not yet scheduled a new argument date.
3. The Second Department's order directing the parties to show cause why the appeals should not be dismissed
On September 3, 2025—nearly four years after the First Department's transfer of the appeals/cross-appeal to the Second Department—the Second Department issued a sua sponte order directing the parties to show cause why the appeals/cross-appeal should not be dismissed, and the orders from which the appeals/cross-appeals were taken vacated, because they had each been filed after Michael Knopf's death in January 2021. (See Knopf v Esposito, 2025 NY Slip Op 75645[U], at *1 [2d Dept 2025].) The Court gave the parties until October 3, 2025, to submit affirmations or affidavits in response to the show-cause order. (Id.)
On September 5, 2025, plaintiffs' counsel filed a letter that brought the Second Department's show-cause order to this court's attention. (See NYSCEF No. 1271.) Counsel for Akerman/Dorsey then filed a responsive letter in which counsel contended that this court should not "proceed with oral argument of the pending motions for summary judgment on September 11, 2025, pending resolution of the issue raised by the Appellate Division." (NYSCEF No. 1273 at 1.)
But the September 11, 2025, oral argument unrelatedly did not take place, due to a party's illness. This court did not determine whether argument should be held in abeyance pending the Second Department's resolution of the issues raised in its show-cause order. This court's consideration of that issue follows.

DISCUSSION
The question now before this court is essentially whether it is likely that the four appeals and the cross-appeal now pending in the Second Department will need to be dismissed, and the orders from which the appeals/cross-appeal were taken vacated, because this action was required to be stayed upon the January 2021 death of Michael Knopf. If so, then leaving argument in abeyance pending a ruling from the Second Department will conserve the resources both of this court and of the parties. If not, then leaving argument in abeyance will simply lead to [*5]unnecessary (further) delay.
Under longstanding Appellate Division precedent, the four appeals and cross-appeal need not be dismissed. The action may properly proceed absent substitution of an estate representative for Michael Knopf. Regardless, any defect that did exist may now be cured by this court's appointing, and retroactively substituting, a temporary administrator for Michael Knopf. This court therefore declines to leave in abeyance oral argument on the summary-judgment motions brought by plaintiffs and by plaintiffs' counsel.
I. This Action Properly Proceeded Absent Substitution After Michael Knopf Died
The appeals and cross-appeal (and the underlying proceedings in this court) are not subject to dismissal. They did not violate a mandatory statutory stay.
It is true that "[o]rdinarily the death of a party results in a stay of the proceedings" and ouster of the court's jurisdiction pending "substitution of a proper legal representative." (Matter of Giaquinto v Commissioner of the NY State Dept. of Health, 91 AD3d 1224, 1225 n1 [3d Dept 2012] [emphasis added].) The departments of the Appellate Division have unanimously and repeatedly held that this typical rule is not a universal one. That is, if a party's death does not affect the merits of the litigation, there is "no need for strict adherence to the requirement that the proceedings be stayed pending substitution." (DLJ Mortg. Capital v 44 Brushy Neck, Ltd., 51 AD3d 857, 858 [2d Dept 2008];[FN6]
see also Nieves v 331 E. 109th St. Corp., 112 AD2d 59, 60-61 [1st Dept 1985];[FN7]
Bova v Vinciguerra, 139 AD2d 797, 799 [3d Dept 1988];[FN8]
Caruana v Padmanabha, 77 AD3d 1307, 1307 [4th Dept 2010].)
Here, plaintiff Michael Knopf was married at his death to his co-plaintiff, Norma Knopf; and she is named in his will as his executor. Both plaintiffs are asserting identical causes of action for identical damages. Indeed, the operative complaint in the action consistently describes [*6]the two plaintiffs collectively, as the Knopfs, rather than distinguishing between them. (See generally NYSCEF No. 14 [amended complaint].) Similarly, the arguments made by defendants on their motions to dismiss—and this court's resolution of those arguments—grouped the Knopfs together, rather than making arguments that might apply only to Michael Knopf's claims or only to Norma Knopf's claims. (See Knopf, 2021 NY Slip Op 50250[U], at *14-37.)
Given the nature of the claims and defenses in this action, Michael Knopf's death will not affect this court's resolution of the merits. (See Hughes, 239 AD3d at 585; Paterno, 46 AD3d at 788-789; Bova, 139 AD2d at 799.) And because the "decedent's coplaintiff is the surviving spouse, with a clear identity of interest," such that "the decedent's unique interests are not jeopardized" absent formal substitution "of a personal representative," proceeding without formal substitution having been made was permissible.[FN9]
(Nieves, 112 AD2d at 60; accord Kilmer, 124 AD3d at 1197-1198; Paterno, 46 AD3d at 789; Caruana, 77 AD3d at 1308.) This is particularly true when, as here, the person who would serve as the decedent's personal representative is the decedent's co-plaintiff who has litigated the action throughout.[FN10]
(See Pierre, 240 AD3d at 533; Aziz, 130 AD3d at 452; McDonough, 249 AD2d at 521; Hemphill v Rock, 87 AD2d 836, 836 [2d Dept 1982].)
Moreover, defendants have never affirmatively contended that this court's jurisdiction was ousted by Michael Knopf's death without substitution of a personal representative, nor moved to effect (or to require) substitution. To the contrary, defendants have actively litigated this action in multiple forums for several years since Michael Knopf died, including bringing motions seeking relief from this court and taking and perfecting appeals in the Appellate Division.
In the First Department, Akerman/Dorsey's opposition to transferring the appeals/cross-appeal to the Second Department did not mention Michael Knopf's death. (See Knopf, Dkt. No. 2021-00920, NYSCEF No. 28.) Feldman's opposition to transfer expressly noted that Michael Knopf had died in January 2021, but did not raise the death as a ground to deny transfer. (See Knopf, Dkt. No. 2021-00920, NYSCEF No. 29 at 1 n 1.) And the First Department directed transfer without mentioning Michael Knopf's death, let alone suggesting that the appeals/cross-appeal should be dismissed in light of his death.
In these circumstances, any jurisdictional objection that defendants might assert has long since been waived. (See Durrant v Kelly, 186 AD2d 237, 238 [2d Dept 1992] [holding that plaintiff's "failure to seek timely substitution in a proper manner is deemed waived due to the active participation of the parties in the litigation, without objection"]; accord Abramowitz v American Gen. Contr. Co., 239 AD2d 303, 303 [1st Dept 1997]; Caridi, 228 AD2d at 397; Bauernfeind, 154 AD2d at 755 n 1; Nieves, 112 AD2d at 60-61.)
[*7]II. Any Defect Resulting from the Lack of Substitution After Michael Knopf Died May Now be Cured Nunc Pro Tunc
Even if one were to conclude that proceedings in this court (and the Appellate Division) after Michael Knopf's death violated a statutory stay, any resulting defects in this court's orders (and the appeals taken from those orders) may be cured by retroactive substitution of an appropriate party to represent Michael Knopf's interests.
In "most instances a personal representative" appointed by the appropriate probate court "should be substituted in the action to represent the decedent's estate." (Lambert v Estren, 126 AD3d 942, 943 [2d Dept 2015].) But "in the event no such representative exists," this court may, in its discretion, "appoint a temporary administrator" to "avoid delay and prejudice in a pending action.' (Id., quoting Dieye v Royal Blue Servs., Inc., 104 AD3d, 724, 725 [2d Dept 2013]; see also Harding v Noble Taxi Corp., 155 AD2d 265, 266 [1st Dept 1989] [reversing motion court's denial of motion for appointment and substitution of a temporary administrator].)
Here, appointment of a temporary administrator is warranted to avoid the delay and prejudice that would result if it were determined that all trial and appellate proceedings in this action after January 11, 2021, violated a statutory stay. Absent appointment and substitution of a temporary administrator, such a determination would wipe from the board four-and-a-half years of litigation, five decisions of this court resolving 15 different motion sequences, four appeals and a cross-appeal in the Appellate Division, and more than 900 court filings. That scenario would inflict delay and prejudice on all parties—not least to the 80-year-old plaintiff (see NYSCEF No. 932)—and produce a corollary waste of judicial resources. (Cf. A to Z Assocs., 232 AD2d at 196 ["We see no reason to vacate the judgment and underlying decision simply to have the court issue a new decision and judgment identical to the first except naming plaintiffs as personal representatives."].)
This court therefore concludes, in its discretion, that a temporary administrator should be appointed for Michael Knopf's estate.[FN11]
Norma Knopf, who is not only Michael Knopf's widow and the executor named in his will, but also his co-plaintiff in this action, is the most appropriate temporary administrator. (See Nieves, 112 AD2d at 60; Humphries, 106 AD3d at 634.) Plaintiffs' counsel has informed the court that Norma Knopf is currently seeking appointment as Michael Knopf's executor from a South Carolina probate court. (See NYSCEF No. 1275.) This court therefore appoints Norma Knopf temporary administrator, for the limited purpose of prosecuting Michael Knopf's claims in this action, pending her appointment by the South Carolina court as his executor (and an ensuing motion to substitute Norma-as-executor for Norma-as-temporary administrator).
This court also concludes that Norma Knopf, in her representative capacity as temporary administrator, should be substituted for Michael Knopf, retroactive to his death on January 11, 2021. Defendants will not be prejudiced by this nunc pro tunc substitution. To the contrary, the [*8]retroactive substitution will simply leave in place the proceedings that have occurred over the past four-and-a-half years in this court and the Appellate Division, and permit the action (including the appeals/cross-appeal) to go forward as it otherwise would have. And the Appellate Division has held that absent prejudice, the retroactive substitution of a personal representative is an appropriate exercise of a trial or appellate court's discretion. (See Kelly v Fenton, 134 AD3d 768, 768 [2d Dept 2015], citing Humphries v Consolidated Edison Co. of NY Inc., 106 AD3d 634, 634 [1st Dept 2013]; Aziz, 130 AD3d at 452; Hedaya v Hedaya, 160 AD2d 625, 626 [1st Dept 1990]; Nieves, 112 AD2d at 60.) This "substitution [n]unc pro tunc cures any jurisdictional defect arising from the failure to obtain substitution of the personal representative of the deceased plaintiff" before now. (Absmeier v United States Fid. & Guar. Co., 45 AD2d 856, 856 [2d Dept 1974].)
Accordingly, it is
ORDERED that on the court's own motion, Norma Knopf is hereby appointed temporary administrator for the estate of her late husband, Michael Knopf, for the limited purpose of prosecuting Michael Knopf's claims in this action, pending Norma Knopf's formal appointment as executor of his estate and an ensuing motion for her substitution in that representative capacity; and it is further
ORDERED that Norma Knopf, in her representative capacity as temporary administrator, is hereby substituted as plaintiff in place of Michael Knopf, retroactive to January 11, 2021; and it is further
ORDERED that the parties shall meet and confer on an appropriate date for oral argument of the pending dispositive motions, and shall provide mutually convenient dates to the court, by email to SFC-Part7-Clerk@nycourts.gov; and it is further
ORDERED that plaintiff Norma Knopf shall serve a copy of this order with notice of its entry on all parties; on the office of the General Clerk (using the NYSCEF document type "Service on Supreme Court Clerk (Genl. Clerk) w/Copy of Order"), which shall amend the caption and update its records accordingly; and on the office of the County Clerk (using the NYSCEF document type "Notice to the County Clerk - CPLR § 8019 (c)"), which shall update its records accordingly.
DATE 9/19/2025

Footnotes

Footnote 1:Plaintiffs have since settled their claims against Esposito. (See NYSCEF No. 1261 [so-ordered stipulation of discontinuance].)

Footnote 2:The U.S. Court of Appeals for the Second Circuit later vacated the district court's dismissal of plaintiff's claims and the district court's sanctions order. (See Knopf v Esposito, 803 F Appx 448 [2d Cir 2020].)

Footnote 3:No NYSCEF citation for this order is available: For reasons not in the record, the Second Department did not create a new NYSCEF docket for the appeals/cross-appeal, following their transfer.

Footnote 4:Michael Knopf was a resident of South Carolina at the time of his death. (See NYSCEF No. 331 [death certificate].)

Footnote 5:The proposed order to show cause and supporting papers submitted in late-April 2021 were returned for correction by this court because they did not comply with a December 2020 order (see NYSCEF No. 235) requiring redaction of enumerated categories of information. In July 2021, this court vacated the redaction order as academic and permitted Akerman/Dorsey to refile their disqualification motion (see NYSCEF No. 388), which they did (see NYSCEF No. 437). This court ultimately denied that motion in an oral decision delivered on the record. (See NYSCEF No. 565 [order memorializing decision]; NYSCEF No. 570 [transcript of argument].) Akerman/Dorsey noticed and perfected an appeal from the court's denial of the motion (see NYSCEF No. 567 [notice of appeal]); the First Department then also transferred that appeal to the Second Department. (See Knopf v Esposito, Dkt. No. 2021-04053, NYSCEF No. 12 [1st Dept Nov. 18, 2021], reproduced at Knopf v Esposito, 2021 NY Slip Op 74690[U] [1st Dept 2021].)

Footnote 6:Accord e.g. Pierre v King (240 AD3d 531, 533 [2d Dept 2025]); Bethpage Fed. Credit Union v Hughes (239 AD3d 584, 585 [2d Dept 2025]); U.S. Bank N.A. v Sanon (238 AD3d 800, 801-802 [2d Dept 2025]); Nationstar Mortgage, LLC v Azcona (186 AD3d 614, 615-616 [2d Dept 2020]); U.S. Bank N.A. v Esses (132 AD3d 847, 848 [2d Dept 2015]); Paterno v CYC LLC (46 AD3d 788, 788-789 [2d Dept 2007]); Alaska Seaboard Partners Ltd. Partnership v Grant (20 AD3d 436, 437 [2d Dept 2005]); McDonough v Bonnie Heights Realty Corp. (249 AD2d 520, 521 [2d Dept 1998]).

Footnote 7:Accord e.g. Aziz v City of New York (130 AD3d 451, 452 [1st Dept 2015]); A to Z Assocs. v Cooper, 232 AD2d 196, 196 [1st Dept 1996]; Caridi v Durst (228 AD2d 396, 397 [1st Dept 1996] Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy. (112 AD2d 819, 820 [1st Dept 1985]).

Footnote 8:Accord e.g. Matter of Armbrister v Rosa (223 AD3d 969, 969 n * [3d Dept 2024]); Kilmer v Moseman (124 AD3d 1195, 1197-1198 [3d Dept 2015]); Adamec v Mueller (94 AD3d 1212, 1213 n 2 [3d Dept 2012]); Matter of Giaquinto (91 AD3d at 1225 n 1); Gushlaw v Roll (290 AD2d 667, 669 [3d Dept 2002]); Bauernfeind v Albany Med. Ctr. Hosp. (154 AD2d 754, 755 n 1 [3d Dept 1989]).

Footnote 9:Indeed, as in McDonough v Bonnie Heights Realty Corp., "the wife of the deceased plaintiff," named in his will as the executor of his estate, "has expressly consented to this court's retention of jurisdiction." (249 AD2d at 521.)

Footnote 10:The federal district court hearing the related federal action concluded that Norma Knopf, as Michael Knopf's executor, could appropriately be substituted for him in her representative capacity, even absent her appointment as his personal representative by a court probating his will. (See Knopf v Esposito, Dkt. No. 17-cv-5833, ECF No. 438 [SD NY Apr. 9, 2021, Cote J.].)

Footnote 11:Sua sponte appointment of a temporary administrator is appropriate when, as here, unusual circumstances make it inadvisable to await appointment of a fiduciary (or a motion for appointment) in the ordinary course. (See Matter of Barraza, 2002 WL 34695706, at *1 [Sur Ct, Nassau County June 5, 2002]; accord Matter of Bd. of Mgrs. of Ariel East Condominium v Broadway Metro Assocs., L.P., 2024 NY Slip Op 30878[U], at *1-2 [Sup Ct, NY County 2024]; Bair v Windsor, 2023 NY Slip Op 32999[U], at *1-2 [Sup Ct, NY County Aug. 29, 2023].)